SAVANNAH BANK & TRUST COMPANY OF SAVANNAH, Plaintiff,

v.

Sarah BLOCK and Max Block, Defendants, and R. Earl Rogers, Robert M. Sieg, and Thomas W. Mackey, Defendants.

Civ. A. No. 1041.

United States District Court
S. D. Georgia,
Savannah Division.

Aug. 6, 1959.

Connerat, Dunn, Hunter, Cubbedge & Houlihan, Savannah, Ga., for Savannah Bank & Trust Co. of Savannah.

David A. Steinbock, New York City, for defendants Sarah Block and Max Block.

Anton F. Solms, Jr., and A. A. Lawrence, of Bouhan, Lawrence, Williams, Levy & McAlpin, Savannah, Ga., for defendants R. Earl Rogers, Robert M. Sieg and Thomas W. Mackey.

SCARLETT, District Judge.

This is an action of interpleader under Sections 1335, 1397 and 2361 of Title 28, of the United States Code. The plaintiff, Savannah Bank & Trust Company of Savannah, alleges and both New York (Sarah Block and Max Block) and Georgia (R. Earl Rogers, Robert M. Sieg and Thomas W. Mackey) defendants admit that on January 26, 1959, the defendants delivered an escrow agreement to plaintiff, which agreement provided as follows:

"Re: Towne & Country Motel

"Please find enclosed a check in the sum of Ten Thousand ($10,-00) Dollars to be held in escrow by your bank on the following terms:

"(A) The sum shall be delivered to the Sellers on February 25, 1959 at the closing of title to the above property, to be applied toward the purchase price pursuant to a contract of sale dated August 16, 1958.

"(B) Should the Purchaser Default the said Ten Thousand ($10,-000.00) Dollars shall be turned over to the Sellers as liquidated damages.

"(C) Should title fail to close for any reason not the fault of the Purchaser, the Ten Thousand ($10,000.-00) Dollars held in escrow shall be returned to Max Block, the maker of this check."

On February 12, 1959, plaintiff alleges that the Georgia defendants and Sarah Block, one of the New York defendants, entered into an extension agreement agreeing to extend the date of the closing of the sale of the Towne & Country Motor Lodge of Chatham County, Georgia. The extension agreement contained various provisions in regard to the $10,000 and is set out in part below:

"Now, therefore, for and in consideration of the mutual covenants hereunto flowing and the payment by the said Sarah Block to the Sellers of the sum of Ten Thousand ($10,000.00) Dollars, it is understood and agreed as follows:

"(1) That the sum of Ten Thousand ($10,000.00) Dollars above mentioned shall be applied to the purchase price of said property, which is $550,000.00;

"(2) That the said sum of Ten Thousand ($10,000.00) Dollars shall be deposited in the Savannah Bank & Trust Company of Savannah, in escrow, under this agreement;

"(3) That in the event of default, caused solely by the Purchaser, said sum of Ten Thousand ($10,000.00) Dollars, above mentioned, shall be applied to Sellers' liquidated damages and turned over to the Sellers by the said Savannah Bank & Trust Company of Savannah. Should title fail to close for any reason not the fault of the Purchaser, the Ten Thousand ($10,000.00) Dollars deposited in the Savannah Bank & Trust Company and the Seventy-five Hundred ($7,500.00) Dollars held in escrow by Byron Eicholtz pursuant to the original contract of sale dated August 16, 1958, shall be returned to Sarah Block.

"(4) Both parties hereto agree that the sum of Ten Thousand ($10,-000.00) Dollars is not subject to real estate commission in any way but in the event of default by the Purchaser, shall be applied as aforesaid to Sellers' damages for breach of contract."

██ The Georgia defendants in their answer admit this. The New York defendants fail to deny it which means that this averment is admitted. Rule 8(d), Federal Rules of Civil Procedure, 28 U.S.C.

The plaintiff alleges that the sale of the Towne & Country Motor Lodge was not closed on March 9, 1958, as scheduled, whereupon the Georgia defendants, through their attorney, Anton F. Solms, Jr., notified the plaintiff that Sarah Block had defaulted in the purchase and demanded that the $10,000 held by the plaintiff in escrow be delivered to Messrs. Rogers, Sieg and Mackey as liquidated damages. The Georgia defendants have admitted this and the, original letter dated March 10, 1959, containing their attorney's demand was introduced in evidence.

On March 13, 1959, defendant Max Block applied to Justice Thomas A. Aurelio, Justice of the Supreme Court of the State of New York, for a warrant of attachment against the property of the Savannah Bank & Trust Company in the amount of $10,000 on the ground that a cause of action existed in his favor and against the Savannah Bank & Trust Company to recover said sum deposited with the Savannah Bank & Trust Company under the escrow agreement. This allegation of the petition was admitted by both the Georgia and New York defendants. A copy of the summons and complaint in the New York action was served upon the Savannah Bank & Trust Company of Savannah at its office in Savannah, Georgia, on March 23, 1959.

The plaintiff alleges that by reason of the conflicting claims it is in great doubt as to whether the New York or the Georgia defendants are entitled to payment and possession of the $10,000 held in escrow and states that it has paid the amount held under the escrow agreement, namely $10,000 into the registry of this court.

The plaintiff prayed as follows:

1. That the defendants be restrained from instituting or proceeding with any action against the plaintiff.

2. That defendant Max Block be enjoined from prosecuting or attempting to prosecute his action pending in the Supreme Court of New York County.

3. That the defendants be required to interplead.

4. That the plaintiff receive its costs and attorneys' fees.

This matter was presented to the court on the 21st day of March, 1959, eight days after Max Block had commenced his attachment against the plaintiff's money on deposit in the Chase Manhattan Bank in New York City and two days prior to the time it was served in Savannah. At that time and in compliance with Section 2361 of Title 28 of the United States Code, the court issued an order at the request of the plaintiff restraining the claimants from instituting or prosecuting any proceeding in any State or United States Court affecting the obligation involved in the interpleader action until further order of the court.

On or about the 14th of April, the attorney for defendant Max Block filed a motion requesting that the court dismiss the complaint because of lack of jurisdiction over the subject matter and over the person of the defendant, Max Block, and because of improper venue and for an order lifting the injunction dated May 21, 1959, and for such other and further relief as to the court seemed just.

The attorneys for both parties were advised that the matter was set for a hearing before the Court on April 27, 1959. Max Block's attorney was unable to be present and submitted his motion on affidavit. At that time the court held:

"The above motion having been heard, it is denied. The jurisdictional requirements of the statute, 28 U.S.C.A. § 1335 as to amount, diversity, and deposit in the registry of the court being present and complied with and the court having jurisdiction of the subject matter and the parties except for Sarah Block who has not yet been served, there is no merit in Block's motion to dismiss the complaint. The statute specifically establishes this court as one where the venue is proper, see 28 U.S.C.A. § 1397. See National Fire Ins. Co. v. Sanders, 5 Cir., 38 F.2d 212, which answer movant's other objections."

The affidavit supporting this motion appeared to the court to be chiefly based on the theory of forum non conveniens, but it is interesting to note that on June 2, 1959, Sarah Block filed an action for specific performance or in the alternative for damages in the sum of $92,500 against R. Earl Rogers, Robert M. Sieg and Thomas W. Mackey in the Clerk's Office of this court. A copy of this complaint was introduced into evidence.

Thereafter the New York defendants, Sarah Block and Max Block, appealed from the two interlocutory orders to the Court of Appeals for the 5th Circuit. Plaintiff made a motion to dismiss the appeal in the Circuit Court. This was granted and the appeal dismissed June 30, 1959.

▆▆ Accordingly, the first phase of this case was set and heard on August 6, 1959. It is the court's conclusion that interpleader actions are conducted in two stages. In the first, the court must determine whether the plaintiff is entitled to interplead which is a decision for the court. See American-Hawaiian Steamship Co. (Del.) v. Bowring & Co., D.C., 150 F.Supp. 449, and Westinghouse Electric Corporation v. United Electrical Radio & Machine Workers, D.C., 99 F.Supp. 597. If this phase of the case is decided favorably to the plaintiff, it should be discharged and the claimants to the fund left to try out their competitive claims before a jury. Particularly is this true in a case like the one at bar where neither set of contesting claimants has asked for a jury trial on this phase of the case.

The answer of R. Earl Rogers, Robert M. Sieg and Thomas W. Mackey to the petition of the Savannah Bank & Trust Company admits all the allegations of the plaintiff's petition.

The answer of Sarah Block and Max Block denies any knowledge sufficient to form a belief to paragraphs 1, 2, 5, 7 and 8 of plaintiff's petition except that it is admitted that the amount in controversy exceeds $500, and that the sale of the Towne & Country Motor Lodge was to be closed on March 9 and was not.

Under Rule 8(d) supra, the New York defendants admit paragraphs 3, 4 and 6 of the plaintiff's allegations.

All disputed allegations have been sustained by proof and the plaintiff has therefore established a basis for relief under the applicable sections of the United States Code.

It is apparent from the foregoing that the only interest of the plaintiff, Savannah Bank & Trust Company of Savannah, is as escrow agent or stakeholder of the sum of $10,000; that it has no interest as to whether the purchasers, i.e. Max Block and Sarah, Block, or the sellers, R. Earl Rogers, et al., are entitled to said escrow deposit. That its action of interpleader was authorized and governed by Sections 1335, 1397 and 2361 of Title 28, of the United States Code. That two or more adverse residents of diverse citizenship are claiming said sum of money held under the escrow agreement, which sum has been paid into the registry of this court by the plaintiff, there to abide judgment of the court. That all of the claimants to said property are properly before this court and this action is the only action in which the diverse claims of the respective purchasers and sellers can be adjudicated in a manner to prevent possible double liability on the part of the stakeholder and plaintiff in this action, Savannah Bank & Trust Company of Savannah.

An itemized statement of services performed was introduced in evidence by plaintiff's attorneys. This statement and the testimony adduced at the hearing prove that such services were substantial and the amount of time devoted to the cause were necessary to the conduct of the case and were important to the result obtained. The itemized statement and the testimony also demonstrates that the amount awarded in this order is reasonable and commensurate with the effort involved.

The following formal findings of facts and conclusions of law are supplemental to and in amplification of the findings and conclusions expressed above.

## Findings of Fact

1. The plaintiff is a banking corporation of the State of Georgia and the defendants Block are citizens of New York and the defendants Rogers et al. are citizens of Georgia.

2. That this is an action of interpleader under Sections 1335, 1397 and 2361 of Title 28 of the United States Code.

3. That the amount of money involved is $10,000 which has been deposited in the registry of the court.

4. That the defendants R. Earl Rogers, Robert M. Sieg and Thomas W. Mackey, have demanded and claimed to be entitled to said $10,000 deposited under the escrow agreement.

5. That defendant Max Block has attached $10,000 of the plaintiff's money in New York on the ground that he is entitled to said amount under the escrow agreement. That Sarah Block has also made a formal demand for delivery of the sum held in escrow.

6. Reasonable attorneys' fees in the amount of $2,000 are awarded to the plaintiff to compensate its attorneys from the fund deposited in the registry of this court. The amount awarded covers both plaintiff's Savannah and New York attorneys. Plaintiff is also awarded its expenses in the amount of $157.30 from the fund. The Clerk is directed to pay these sums in two checks; one payable to plaintiff's attorney and the other to plaintiff.

## Conclusions of Law

1. This court has jurisdiction of the subject matter of this action and of the parties thereto.

2. By reason of the conflicting claims, the plaintiff is entitled to file and maintain this action of interpleader.

3. Each of the defendants and any person or persons claiming under or through any of said defendants are hereby permanently enjoined and restrained from instituting or prosecuting any proceeding, or from proceeding with any action pending, against the Savannah Bank & Trust Company of Savannah in any State or United States Court affecting the property, instruments or obligations involved in this interpleader action, including the escrow agreement, dated January 26, 1959, and the injunction issued by this court on March 21, 1959, be and the same is hereby made permanent.

4. The Savannah Bank & Trust Company of Savannah, plaintiff in this action, is hereby discharged from this case and from any and all further liability to any of the defendants in this action with respect to any property, instruments or obligations involved in this action, including the escrow agreement, dated January 26, 1959, and the interpleaded claimants are left to try their adverse claims in this action.

The Clerk shall forthwith enter judgment accordingly. See United States v. F. & M. Schaefer Brewing Co., 1958, 356 U.S. 227, 232–233, 78 S.Ct. 674, 2 L.Ed. 2d 721.