**FRANCIS I. du PONT & CO., a partnership composed of Edmond du Pont et al., Plaintiff in Interpleader and Appellant,**

v.

**Al B. SHEEN**

and

**John F. Connelly.**

**No. 14359.**

United States Court of Appeals Third Circuit.

Argued Sept. 20, 1963.

Decided Oct. 23, 1963.

Rehearing Denied Nov. 27, 1963.

Charles M. Solomon, Philadelphia, Pa. (Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., on the brief), for appellant.

John A. Eichman, III, Philadelphia, Pa. (Clark, Spahr, Eichman & Yardley,

**4**

Philadelphia, Pa., on the brief), for appellee Al B. Sheen.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This interpleader suit was instituted by appellant Francis I. du Pont & Co., a stock brokerage firm, to determine who was entitled to a balance of $101,024.45 standing to the credit of the appellee, Al B. Sheen, in a margin account after the sale of certain stock. Upon filing the complaint, which alleged that both Sheen and John F. Connelly were claiming the fund, du Pont deposited the sum in question in the registry of the district court.

Connelly filed an answer stating his claim to the fund. Sheen moved to dismiss the complaint, alleging that Connelly's claim was groundless on its face and that the interpleader suit was not based upon any bona fide controversy concerning entitlement to the fund. Before this motion could be argued, Sheen, Connelly and du Pont all executed and filed with the court a stipulation for a consent adjudication of the controversy. The stipulation provided that, after distribution of approximately $30,000 to a bank in payment of a note related to the brokerage account, the sum of $50,000 should be paid to Sheen and his Chicago attorney and the balance of the fund, approximately $20,000, to the nominee of Connelly. It was also provided that this settlement should unconditionally and irrevocably bind all parties, that an order should be entered pursuant to the stipulation and that "this case be dismissed with prejudice". Accordingly, on December 19, 1961 the court entered a brief final order authorizing the distribution of the fund precisely as stipulated and directing "that this case be dismissed with prejudice".

In August 1962 Sheen sued du Pont in the Circuit Court of Cook County, Illinois, complaining that the appellant had filed the interpleader suit knowing that Connelly had no "recognizable adverse claim" to the balance in the Sheen account and intending to coerce Sheen in-

to recognizing a fictitious claim by Connelly. Asserting that this course of conduct was tortious, Sheen demanded of du Pont as damages the amount Connelly had received pursuant to the agreed disposition of the interpleaded claims plus Sheen's attorney's fees and costs in the interpleader suit.

Du Pont then filed a motion in the interpleader suit asking that "a permanent injunction be issued under 28 U.S.C. § 2361 to enforce the order of dismissal". The facts concerning the history of the litigation in the district court and in Illinois were stipulated. After hearing, the court below concluded that the final order already entered pursuant to the stipulation of the parties had exhausted its power in the premises and denied the motion. This appeal followed.

The post-judgment problem which confronted the court below was probably novel, since it is doubtful whether there has ever before been a case in which a claimant in interpleader, dissatisfied with a consent judgment on the merits of that litigation, has later in another court attacked the very filing of the interpleader as a tort for which the original plaintiff should pay him damages. Such an ironical aftermath obviously negates the primary purpose of interpleader, a procedure which Congress has sanctioned, 28 U.S.C. §§ 1335, 2361, to relieve an obligor from the vexation of multiple claims in connection with a debt which he admittedly owes to someone. Moreover, section 2361 of Title 28 expressly provides that a district court may temporarily or permanently enjoin interpleader claimants from prosecuting proceedings in state courts and, more generally, may "make all appropriate orders to enforce its judgment". The exercise of this power by supplementary injunction after final judgment is clearly proper. Dugas v. American Surety Co., 1937, 300 U.S. 414, 57 S.Ct. 515, 81 L. Ed. 720; cf. Thomason v. Cooper, 8th Cir. 1958, 254 F.2d 808; Jacksonville Blow Pipe Co. v. R. F. C., 5th Cir. 1957, 244 F.2d 394. In these circumstances, the only plausible argument against the

supplementary relief requested by du Pont is that an order enjoining the Illinois proceeding would modify the consent judgment in contravention of the stipulation upon which it was based.

In evaluating this contention we consider first whether and to what extent the claim which Sheen is asserting in the new suit in Illinois was involved in the earlier interpleader suit. The record shows that the interpleader complaint was filed on August 29, 1961 and that on the same day du Pont's attorney notified the claimants, Sheen and Connelly, of that filing. Thus advised, Sheen on September 8 filed an action, not involved in the present controversy, in the United States District Court for the Southern District of Illinois, claiming the fund which was the subject of the pending interpleader. On September 21, du Pont countered in the interpleader suit by moving that Sheen and all other claimants be ordered to litigate their claims in this proceeding and restrained *pendente lite* from suing elsewhere. The court immediately ordered that this motion be argued on September 26 and directed that all claimants be notified. The same day, counsel for du Pont notified counsel for Sheen by telephone of the court's action and promptly mailed the relevant papers to him. On September 25, Sheen's counsel notified du Pont's counsel that Sheen would not oppose the motion but would answer the interpleader later. These facts are not disputed.

On September 26, the court granted du Pont's motion and entered an order reciting that the sum in dispute had been paid into the registry of the court, directing Sheen and Connelly to litigate their claims in this proceeding and enjoining any conflicting proceeding elsewhere pending final disposition of the interpleader.

We have fully outlined the course of the first stage of this interpleader because of its legal significance. When a plaintiff in interpleader has paid the amount of his admitted debt into court and, after notice and opportunity to be heard, the claimants have been ordered to interplead, the law normally regards the plaintiff as having discharged his full responsibility in the premises. Indeed, at this stage of the litigation the court often enters an order finally relieving the plaintiff of further responsibility and permanently enjoining the claimants from harassing him. Holcomb v. Aetna Life Ins. Co., 10th Cir. 1955, 228 F.2d 75; Baron Bros. v. Stewart, S.D.N.Y.1960, 182 F.Supp. 893; Rosenberger v. Northwestern Mutual Life Ins. Co., D.Kan.1959, 176 F.Supp. 379; Savannah Bank & Trust Company of Savannah v. Block, S.D.Ga.1959, 175 F.Supp. 798.

While in this case du Pont asked for and obtained only an injunction *pendente lite* as part of the order concluding the first stage of interpleader, the fact remains that du Pont had done all that is normally required of an obligor to be free of all further vexation or litigation by the claimants. More important, Sheen could have opposed the motion for an order requiring him to interplead by asserting in this first stage of the litigation that interpleader was not brought in good faith. He could have obtained a hearing on this defense as early as September 26 and, if his contention had been sustained, he would have been entitled to a dismissal of the action. Bierman v. Marcus, 3d Cir. 1957, 246 F.2d 200, cert. denied, Milmar Estate Inc. v. Marcus, 1958, 356 U.S. 933, 78 S.Ct. 774, 2 L.Ed.2d 762; cf. B. J. Van Ingen & Co. v. Connolly, 3d Cir. 1955, 225 F.2d 740.

While Sheen did not choose to oppose the issuance of an order requiring him to interplead, he subsequently filed a motion to dismiss the original complaint on the ground that the Connelly claim was patently invalid and the action of interpleader was "on its face a mere pretense of diverse claims to a fund to obtain adjudication of controversy other than entitlement to the fund". However, before this motion could be heard Sheen joined in the stipulation for a consent judgment.

Thus, it is clear that Sheen could have asserted at the outset and did in fact assert somewhat later as a basis for the

dismissal of the interpleader, the very claim which he is now advancing as the basis of a separate Illinois tort action to recover the amount he failed to obtain in the interpleader settlement.

In refusing to restrain this second effort to litigate the matter of du Pont's good faith, the court below reasoned that in the absence of any stipulation for releases or for an order restraining the subsequent assertion of related claims against du Pont, the subject matter of the new Illinois suit was not covered by the consent judgment in interpleader. We think, however, that the court below was mistaken in viewing the stipulation and its own consequent order as settling no more than what should be done with the money deposited in court.

It is significant that this action was litigated into the second stage of interpleader. The original plaintiff having surrendered the fund in question to the court, and the claimants having been ordered to litigate their contentions in this case, the original plaintiff was no longer asserting any claim to relief. The matters in controversy were whatever relevant issues Sheen and Connelly had raised or might assert between themselves or against du Pont. It must, therefore, have been these matters that were "prejudiced" by the order dismissing the "case with prejudice". We have already pointed out that one such matter was the issue of the propriety of the interpleader, as tentatively adjudicated by the order directing the claimants to interplead and raised again by Sheen's motion challenging the bona fides of the proceeding.

Any more restricted view of the significance of the court's dispositive order would be inconsistent with the nature and purpose of interpleader as a single comprehensive suit to adjudicate fully and finally all disputes arising out of claims to a fund, and particularly to relieve the admitted debtor of the vexation of possible future claims in that connection. It cannot be emphasized too strongly that the general policy of repose which attends the disposition of every law suit and is normally expressed in the doctrine of res judicata, is the primary purpose of interpleader. We effectuate this policy and at the same time give rational significance to all that occurred during the interpleader suit by construing the dismissal of that action with prejudice as foreclosing relitigation of the issue of good faith,[1] which was necessarily involved in the suit and was actually raised by the party who now seeks to reassert it. We need not consider whether the result would be different if Sheen had been unaware of the alleged bad faith until after termination of the litigation.

We have also considered that the court below viewed our decision in Morse Boulger Destructor Co. v. Camden Fibre Mills, 3d Cir. 1956, 239 F.2d 382, as opposed to the granting of such post-judgment relief as the appellant has sought in this case. However, in that case we ruled merely that a consent judgment for a monetary award without reference to interest could not later be modified, against the objection of the defendant, to include interest. We reasoned that the proposed supplementary award conflicted with the original agreed settlement. Here, however, we find no such inconsistency. Rather, the enjoining of the Illinois suit and any similar litigation will serve merely to vindicate the

1. Sheen's failure, after notice, to oppose the issuance of an order directing him to interplead and his ultimate agreement to permit Connelly to share substantially in the interpleaded fund, considered in the light of the apparently substantial character of the adverse claim set out in Connelly's answer, make it doubtful whether there was any real basis for a contention that du Pont had acted improperly in instituting the proceeding. Courts do not require an obligor to forego interpleader so long as there is even slight risk that otherwise he may be harassed by conflicting claims. Hunter v. Federal Life Ins. Co., 8th Cir. 1940, 111 F.2d 551; Massachusetts Mutual Life Ins. Co. v. Weinress, N.D.Ill.1942, 47 F.Supp. 626; Metropolitan Life Ins. Co. v. Segaritis, E.D.Pa.1937, 20 F.Supp. 739. However, we do not reach the merits of this contention.

agreed final dispositon of the interpleader.

The order dismissing the appellant's post-judgment motion for injunctive relief will be reversed and the cause will be remanded for the ·issuance of an injunction as prayed.