**TRUCK–A–TUNE, INC.,**
Plaintiff–Appellant,

v.

**Thomas C. RÉ, As Ancillary Administrator of the Estate of Gisela Von Krieger, and Gayle B. Wilhelm, as Permanent Administrator of the Estate of Gisela Von Krieger, Defendants–Appellees.**

No. 694, Docket 93–7606.

United States Court of Appeals, Second Circuit.

Argued Dec. 9, 1993.

Decided May 2, 1994.

See also 191 A.D.2d 327, 595 N.Y.S.2d 48.

Raymond Fitzgerald, New York City (Claudia C. Conway, Michael Freeman, Butler, Fitzerald & Potter, on brief), for plaintiff-appellant.

David D. Legere, Hartford, CT (Robert P. Dolian, William H. Narwold, Cummings & Lockwood, on brief), for defendant-appellee Wilhelm.

Stuart A. Jackson, New York City (Thomas Ré & Partners, on brief), for defendant-appellee Ré.

Before: NEWMAN, Chief Judge, OAKES and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal in an interpleader action concerns one automobile of sufficient value to have generated litigation in three different courts. The car is a 1936 Mercedes Benz estimated to be worth more than $2,500,000. The principal issues arising on an appeal from the March 30, 1993, judgment of the District Court for the District of Connecticut (T.F. Gilroy Daly, Judge) are whether a "rule" interpleader action is mooted by the competing claimants' agreement concerning possession of the disputed property and whether a district court acts within its discretion in declining to exercise jurisdiction over

the remaining dispute between the stakeholder and one claimant. We conclude that the action was not moot because a live controversy remained as to whether the interpleader court should enjoin a state damage action arising out of the stakeholder's delay in turning over the property to one of the claimants. We also conclude that the District Court acted within its discretion in declining to adjudicate the remaining dispute. We therefore affirm the judgment dismissing the action after confirming the claimants' agreement respecting the property.

## Background

Gisela Von Krieger, a United States citizen, died in 1989 in Switzerland. She was the owner of a 1936 Model 540K Mercedes Benz, which she had stored at the Homestead Inn in Greenwich, Connecticut, since 1959. She continued to pay the monthly storage fees after she moved to Europe in the early 1960s. When Dr. James Smith purchased the Homestead Inn, he transferred storage responsibilities for the car to a company he owned called, for reasons not disclosed by the record, Truck–a–Tune, Inc. The car, which apparently still bears a 1956 license plate, is claimed to be worth between 2½ and 3 million dollars.

Upon Von Krieger's death, a Swiss probate court authorized the administrator of her estate to recover the Mercedes. The administrator accordingly appointed Thomas Ré as his representative for that purpose. Ré undertook legal proceedings in New York state, and the Surrogate's Court there appointed him the ancillary administrator of the Von Krieger Estate in New York. In an order entered July 28, 1992, the Surrogate's Court ordered Truck–a–Tune to turn over the Mercedes to Ré, but Truck–a–Tune refused.

While Ré was proceeding in the New York Surrogate's Court, Truck–a–Tune filed an affidavit with the Tax Assessor of the Town of Greenwich, Connecticut, stating that it had possession of the car and that the car's owner was deceased. Because Von Krieger had failed to pay personal property taxes on the vehicle since 1959, the Assessor petitioned the Connecticut Probate Court for the appointment of a temporary Connecticut administrator of the Estate in order to prevent the car from leaving Connecticut. The probate court appointed an administrator to represent the Estate and directed him to take possession of the Mercedes. That administrator was subsequently replaced by Gayle B. Wilhelm.

On August 6, 1992, Ré obtained an order from the New York Surrogate's Court directing Truck–a–Tune to appear on August 11 and show cause why sanctions should not be entered against it for failing to deliver the Mercedes to Ré.

Faced with these apparently contradictory commands from the New York and Connecticut state courts, Truck–a–Tune brought this interpleader action under 28 U.S.C. § 1335. Truck–a–Tune sought (a) an order requiring defendants Ré and Wilhelm to settle their respective claims to the Mercedes and (b) an injunction against any action by defendants in any court against Truck–a–Tune for its failure to deliver the Mercedes at an earlier date. Truck–a–Tune simultaneously sought a temporary restraining order and a preliminary injunction.

Shortly before the hearing on the motion for a preliminary injunction, Ré and Wilhelm agreed that Truck–a–Tune should turn the car over to Wilhelm. At the hearing on the motion for a preliminary injunction in the District Court, Truck–a–Tune argued that that agreement did not end the controversy because it still faced contempt of court charges in New York Surrogate's Court for its failure to turn the car over to R/e as ordered.

Judge Daly denied the preliminary injunction and dismissed the complaint. As a threshold matter, the Court rejected the assertion of jurisdiction for "statutory" interpleader under section 1335 because the two competing claimants, being representatives of the same decedent, lacked the requisite diversity of citizenship. However, the Court converted the action into a "rule" interpleader action under Fed.R.Civ.P. 22 based on diversity of citizenship between the stakeholder and the claimants. The Court ordered the disposition of the Mercedes to Wilhelm, in conformity with the claimants'

agreement and then ruled that the claimants' agreement concerning the property eliminated the adversity necessary to support jurisdiction in an interpleader action. The Court also noted that even if jurisdiction remained, it would decline to exercise its discretion to grant any further relief.

## Discussion

■ The suit was properly converted from statutory to rule interpleader. The interpleader statute, 28 U.S.C. § 1335, applies only where there is "minimal diversity," *i.e.,* where there are "[t]wo or more adverse claimants, of diverse citizenship...." *See State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967). Because both representatives of the Von Krieger Estate are deemed to have the citizenship of the decedent, see 28 U.S.C. § 1332(c)(2), they are not diverse.[1] We also agree with the Court's *sua sponte* decision to convert the action to rule interpleader. Because the stakeholder's citizenship is diverse to that of all the defendants, and the amount in controversy exceeds $50,000, the Court has subject matter jurisdiction under the diversity statute. 28 U.S.C. § 1332 (1988). *See Geler v. National Westminster Bank USA,* 763 F.Supp. 722, 727 (S.D.N.Y.1991), *aff'd,* 970 F.2d 895 (2d Cir.1992) (mem.); *John Hancock Mutual Life Insurance Co. v. Kraft,* 200 F.2d 952, 953 (2d Cir.1953).

■ However, we do not agree with the District Court's conclusion that jurisdiction terminated upon the claimant's settlement

regarding disposition of the disputed property. The stakeholder properly invoked at least the rule interpleader jurisdiction of the court by alleging conflicting claims asserted by the two estate administrators. The claimants' subsequent agreement eliminated the Court's obligation to decide between them, but did not deprive the Court of jurisdiction to order disposition of the property in conformity with the claimants' agreement. In *New York Life Insurance Co. v. Connecticut Development Authority,* 700 F.2d 91 (2d Cir. 1983), we recognized the authority of an interpleader court to determine the rights of one claimant to insurance proceeds even though the other claimants, who had initially informed the insurer of conflicting claims, had defaulted in the interpleader action. *Id.* at 95.

Judge Daly recognized and asserted his authority to order disposition of the property, but nonetheless ruled that the settlement ended his jurisdiction over the plaintiff's remaining claim for an order enjoining the claimants from prosecuting any action "relating" to the property. At the time of the District Court suit, a show cause order had been issued by the New York Surrogate's Court, requiring Truck–a–Tune to show cause why it and its officers and attorneys should not be held in contempt for willfully disobeying the Surrogate's Court's order. In *New York Life,* where a damage action by the successful claimant to the property was pending in state court against the stakeholder for wrongful withholding of the property, we recognized that it "would have been with-

---

1. There is available a superficial but ultimately unavailing argument that the language of the diversity statute equating the citizenship of the representative of a decedent's estate with that of the decedent does not apply to statutory interpleader. The equivalency, which was added in 1988, *see* Pub.L. 100–702, § 202(a), 102 Stat. 4642, 4646, is contained in subsection (c) of section 1332, which begins, in language that predated the 1988 amendment: "For the purpose of this section and section 1441 of this title...." This introductory clause stands in contrast to the introductory clause to the paragraph of subsection (a) of section 1332, also added in 1988, *see* Pub.L. 100–702, § 203(a), 102 Stat. 4642, 4646, concerning resident aliens, which begins: "For the purposes of this section, section 1335, and section 1441...." Arguably, the omission of the reference to section 1335

from the clause concerning decedents' representatives implies an intention not to adopt the equivalency for purposes of section 1335. However, section 1335 itself provides that its diversity requirements are met in suits involving "[t]wo or more adverse claimants, of diverse citizenship as defined in section 1332 of this title." 28 U.S.C. § 1335(a)(1). The explicit cross-reference in section 1335 to section 1332 makes clear that the omission of section 1335 from the introductory language to section 1332(c) is of no significance, and the arguable implication to the contrary from the inclusion of a reference to section 1335 in the resident alien provision of section 1332(a) finds no support in the legislative history. The reference to section 1335 in the resident alien provision appears to have been inserted in an excess of caution.

in the district court's power and discretion to adjudicate [the winning claimant's] claims for consequential damages ... and thereafter to enjoin permanently [the winning claimant's] prosecution of such claims." *Id.* at 96.[2] *See Francis I. du Pont & Co. v. Sheen,* 324 F.2d 3 (3d Cir.1963). Thus, in the pending case, the District Court had jurisdiction to consider Truck–a–Tune's claim for relief from the pending Surrogate's Court action.

The availability of such jurisdiction, however, did not require its exercise. Interpleader is an equitable proceeding, *see, e.g., Indianapolis Colts v. Mayor and City Council of Baltimore,* 741 F.2d 954 (7th Cir.1984), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985), and the District Court acted well within its discretion in determining that the equities did not warrant further federal court adjudication. Though we are not as sure as Judge Daly was that Truck–a–Tune exhibited bad faith by alerting the local tax assessor in Connecticut to the fact that property taxes were unpaid,[3] we agree that it was entirely permissible to decline to resolve the remainder of the controversy. The remaining dispute was between Ré and Truck–a–Tune. Wilhelm has no interest in whether Ré is entitled to damages because Truck–a–Tune did not immediately comply with the Surrogate's Court's order. In these circumstances, *New York Life* indicates only that a District Court has power to act, not that it must exercise such power. If the contempt proceedings are still pending, a matter not clear from the current record, we are confident that the New York courts can fairly adjudicate whatever remains of this controversy.

The judgment of the District Court is affirmed. Appellee Wilhelm's request for sanctions is denied.

---

2. Such adjudication did not occur in *New York Life* because the District Court believed that the winning claimant had consented to have its state court action enjoined, a consent of sufficient doubt to require a remand for further inquiry by the District Court. 700 F.2d at 97.

3. The parties view this maneuver quite differently. Truck–a–Tune contends that it was acting to clear up tax obligations that might have been imposed on it as custodian if not paid by the estate. Ré contends that Truck–a–Tune was avoiding compliance with the Surrogate's Court's order to pressure the estate into selling the car to Truck–a–Tune.