David J. KURLAND, Esquire, Plaintiff,

v.

The UNITED STATES of America, a sovereign government, by and through its agency, The United States Department of Treasury, Internal Revenue Service; Priscilla Holtan, individually; Financial Services & Investment Corporation, a foreign corporation, Richard Holtan and Susan Gordon, as shareholders of Financial Services & Investment Corporation; and Richard Holtan and Susan Gordon, individually, Defendants.

No. 95–515–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

March 6, 1996.

David J. Kurland, Law Office of David J. Kurland, Largo, FL, pro se.

Mary Apostolakos Hervey, U.S. Dept. of Justice, Washington, DC, for U.S.

Priscilla Holtan, St. Petersburg, FL, pro se.

Financial Services & Investment Corporation, St. Louis, MO, pro se.

Richard Holtan, St. Louis, MO, pro se.

Susan Gordon, St. Louis, MO, pro se.

## ORDER ON PLAINTIFF'S MOTION TO DEPOSIT STAKE INTO COURT REGISTRY AND MOTION TO DISCHARGE STAKEHOLDER AND PERMIT REPRESENTATION

KOVACHEVICH, Chief Judge.

This cause is before the Court on Plaintiff David Kurland's Motion to Deposit Stake into the Court Registry, Motion to Discharge Stakeholder, and Motion to Permit Representation (Docket No. 19), and responses thereto, filed by the United States (Docket No. 20) and Financial Services & Investment Corporation (Docket No. 25). The present action for interpleader, which commenced in state court, was removed to this Court by the United States pursuant to 28 U.S.C. § 1444.

### FACTS

On March 10, 1995, Plaintiff Kurland, a Florida attorney, instituted an interpleader action in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. Plaintiff instituted the action pursuant to Florida Rule of Civil Procedure 1.240, in an attempt to avoid potential multiple liability arising from disbursement of funds held in his client trust accounts. The funds, $104,107.21 in total, were paid into Plaintiff's trust accounts as proceeds of a lawsuit brought by Plaintiff on behalf of his clients, Richard Holtan and Financial Services & Investment Corporation. Several claimants, the named Defendants in the present action, notified Plaintiff of their respective claims to the funds in his trust accounts, prompting Plaintiff to institute this interpleader action. On March 24, 1995, a Notice of Removal was filed by the United States of America pursuant to 28 U.S.C. § 1444. On April 11, 1995, the Order on Removal was granted. Since that time, the United States of America obtained a default judgment against Richard Holtan and Susan Gordon (Docket Nos. 17 & 18).

In the matter now before the Court, Plaintiff requests the Court to take the following action:

I. Accept payment of the disputed funds into the registry of the Court;

II. Dismiss Plaintiff from the action and permanently enjoin all Defendants from instituting, prosecuting or maintaining any action against Plaintiff in this matter;

III. Permit Plaintiff to continue its representation of Defendant Financial Services & Investment Corporation.

## DISCUSSION

### I. Acceptance of Funds into Registry of Court

Federal Rule of Civil Procedure 22, does not require the deposit of disputed funds into the registry of the Court. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir.1976). However, the funds at issue here are in the possession of a Florida attorney and are subject to the Florida Bar's Interest on Trust Account (IOTA) Rules. Plaintiff argues that since the Florida Bar retains all the interest produced by IOTA accounts, the funds should be transferred to the Court registry where any interest earned would instead benefit the claimants. All the parties involved agree that their interests would be better served if the funds were taken out of the IOTA accounts and deposited into the Court registry. This Court has searched for and found no reason to deny Plaintiff's Motion to Transfer the funds to the Court registry.

### II. Dismissal of Plaintiff

Plaintiff has also requested that the Court enter an order dismissing Plaintiff from this action and enjoining all Defendants from bringing or maintaining further action against Plaintiff in connection with this matter. The law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and opportunity to be heard. *Central Bank of Tampa v. United States*, 838 F.Supp. 564 (M.D.Fla.1993) (citing *Francis du Pont & Co. v. Sheen*, 324 F.2d 3, 4 (3rd Cir.1963)). Additionally, courts may enter an order relieving the interpleader plaintiff of further responsibility and enjoin the interpleaded defendants from bringing further action against that plaintiff

with regard to the disputed funds. *Id.* (citing *Holcomb v. Aetna Life Ins. Co.*, 228 F.2d 75 (10th Cir.1955)).

Only two of the remaining Defendants in the present action have responded to Plaintiff's Motions. FS & IC states that it does not object to Plaintiff's motions. However, the United States, while agreeing that the funds should be placed in the Court's registry, objects to Plaintiff's discharge and further representation of FS & IC.

It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability, and, in the court's discretion, awarded attorneys' fees and costs. *See e.g., Prudential Ins. Co. v. Boyd*, 781 F.2d 1494 (11th Cir. 1986). The United States objects to Plaintiff's discharge on two grounds. First, the United States argues that Plaintiff should not be discharged until he accounts for the money in his client trust accounts. Specifically, the United States would like an accounting "regarding the genesis of the source of the funds, any disposition of the funds, the interest accrued on the principal, and any attorney's fees paid to Plaintiff." Second, the United States argues that Plaintiff cannot be discharged because the United States has the right to bring a claim against Plaintiff for failure to honor the United States' federal tax lien, filed against the property of Richard Holtan.

The United States already has the information it seeks regarding the funds in Plaintiff's trust accounts. The pleadings and motions up to this point detail the origin, amount, and subsequent disposition of the funds. Plaintiff stated that the funds were held in his trust accounts from the time they were received and that they have not accrued any interest. Furthermore, Plaintiff stated that he is waiving any right to attorney's fees in this interpleader action. Finally, Plaintiff stated that he does not hold any other funds for Richard Holtan.

As for the United States' claim that it has the right to bring an action against Plaintiff for violating a federal tax lien, pursuant

to 26 U.S.C. § 6332(d), the Court does not agree. The United States claims that Plaintiff was served with a levy on February 9, 1995, and that Plaintiff has failed to comply with said levy. The Supreme Court has stated that interpleader is a remedial device which is to be applied liberally. *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 533, 87 S.Ct. 1199, 1204, 18 L.Ed.2d 270 (1967). If Plaintiff legitimately and in good faith feared exposure to competing claims to the disputed funds, as Plaintiff claims here, Plaintiff should not be subject to suit for failure to turn over the disputed funds to the government, opening himself up to litigation from the other claimants. This is exactly the type ·of multiple liability interpleader was designed to prevent.

■ Title 26 U.S.C. § 6332(e) may provide a shield against liability to those honoring federal tax liens; however, that is insufficient to override the purpose behind the interpleader rule and statute. *First Interstate Bank of Oregon v. United States*, 891 F.Supp. 543 (D.Or.1995). Interpleader gives the disinterested party the ability to bow out, leaving the actual parties with real interests at stake to litigate their claims. *See id.; New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 96 (2d Cir.1983).

■ The Court recognizes that a person who wrongfully disburses funds after being put on notice of a government lien is not an innocent stakeholder and not entitled to the equitable remedy of interpleader. *See Hughes Supply, Inc. v. A.C. Electric Corp.*, 145 F.R.D. 590 (M.D.Fla.1993). However, the United States has not alleged facts to prove Plaintiff engaged in improper conduct. According to its response, the United States' alleged right against Plaintiff is based solely on Plaintiff's bringing the present action instead of turning over the $104,107.21 to the Government. Therefore, this Court has no reason to deny the dismissal of Plaintiff from this action after the disputed funds are deposited into the registry of the Court. Plaintiff claims that he did not release any of the funds held in his trust accounts after he was put on notice of the Government's lien. Plaintiff seeks interpleader only for those funds in his possession at the present time and has denied any interest in the trust account funds.

### III. Continued Representation

■ As for the United States' claim that Plaintiff should be unable to continue to represent FS & IC if he is discharged from the present action, this Court also disagrees. The United States cites two rules of Professional Responsibility and states that a conflict of interest could arise if Plaintiff is allowed to represent FS & IC. After reviewing the rules and the relevant cases, the Court determines that any potential conflict is too remote to discern at this time. Therefore, Plaintiff should be allowed to represent FS & IC. However, should a conflict arise during representation, Plaintiff would of course have to excuse himself from representing FS & IC at that time.

The Court found only one case with facts somewhat similar to this case, a Connecticut appellate decision, *Crozier v. Zaboori*, 14 Conn.App. 457, 541 A.2d 531 (1988). Crozier represented the buyer of a small dry cleaning business and acted as the escrow agent for the transaction. The buyer deposited $8550 into an escrow account as a down payment on the business. The deal fell through, and both the buyer and the seller claimed the down payment. The attorney interplead the two claimants and the trial court decided in favor of the seller. Thereafter, the attorney moved to open the judgment to reargue the facts of the interpleader action. The trial court denied the motions and the attorney appealed. The appellate court stated in a footnote that the attorney had no standing to raise any claims of error and the fact that he did so, raised the question of whether he was really indifferent between the claimants. *Id.* 541 A.2d at 531 n. 2.

Although the possibility for conflict is present, the Court finds that Plaintiff should be allowed to represent FS & IC after he deposits the funds. Accordingly, it is

**ORDERED** that Plaintiff David Kurland's Motion requesting acceptance of the interpleaded funds into the registry of the court is **GRANTED;** Plaintiff's request to permit

further representation is **GRANTED;** and the Court orders the discharge of Plaintiff from this action and enjoins Defendants from further action against Plaintiff in connection with the disputed funds, upon the deposit in accordance with this order.

**DONE AND ORDERED.**