THE UNION TRUST COMPANY *vs.* THE STAMFORD TRUST
COMPANY ET AL.

*First Judicial District, Hartford, May Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 42 of the Public Acts of 1893, p. 222, provides that when any
person has, or is alleged to have, any money or other property in
his possession which is claimed by two or more persons, either he,
or any of the persons claiming the same, may bring a complaint in
equity, in the nature of a bill of interpleader, making all persons
parties who " claim to be entitled to or interested in " such money
or property, and that the court " shall hear and dispose of all ques-
tions which may arise in such case." *Held* that this statute radi-
cally changed the rules of the old English chancery practice—already
somewhat relaxed in this State—under which a bill of interpleader
could only be maintained by a disinterested stakeholder who had
voluntarily incurred no independent liability to either of the con-
flicting claimants; and that under its provisions, which were reme-
dial in their nature and to be favorably construed, a trustee might
maintain a suit to compel conflicting claimants to interplead respect-
ing their rights to the surplus income in his hands, and also as to
their rights in the principal of the fund, if the two were substan-
tially identical and one of the defendants claimed the entire fund,
principal and income, to the exclusion of his codefendants and
counter to the terms of the trust deed.
The statute also enables a trustee whose title is attacked, in controver-
sies of this nature, to throw his outlays in defending it directly on
the fund, without waiting until the settlement of his trustee account
for reimbursement.
If the question of the validity of another trust deed is material to a set-
tlement of the entire controversy, it may be raised by a suitable
cross-complaint, and therefore a demurrer to the complaint because
of this omission is not well taken.
No trustee can have a right to apply for judicial advice as to any point
of law which has been previously adjudicated by the highest tribu-
nal of the State. But if such judgment and opinion was rendered
in a cause between the same parties, and is relied upon by any of
the respondents as conclusive upon the title of the trustee, the rec-
ord must be so pleaded in defense as to raise definite issues of fact
or law. On demurrer to the complaint it cannot properly be consid-
ered as an absolute estoppel.
After an appeal has been perfected, the cause is removed to the appel-

* Transferred from the third judicial district.

Union Trust Co. v. Stamford Trust Co. et al.

late court, and it is to that tribunal that any motion to amend the
appeal must be addressed.

Additional reasons of appeal should in fairness to the appellee be filed,
at the latest, before it is time to print the record.

If a complaint in the nature of a bill of interpleader is adjudged insuffi-
cient as to all the defendants representing one side of the contro-
versy, the object of the complaint is thereby frustrated and it should
be dismissed as to all the defendants.

The omission to tax costs for or against one of several defendants in
equity may fairly be regarded as equivalent to a decision that no
such costs ought to be taxed, and can support no exception in his
favor.

Argued May 9th — decided June 8th, 1899.

ACTION for an injunction and an order in the nature of in-
terpleader, brought to the Superior Court in New Haven
County and tried to the court, *Prentice, J.*, upon a demurrer
to the amended complaint, filed by all the defendants except
Timothy H. Porter; the court sustained the demurrer and
rendered judgment for the defendants other than said Porter,
and the plaintiff appealed for alleged errors in the rulings of
the court. *Error and judgment reversed.*

So far as the record disclosed, no judgment of any kind
had been rendered by the court as between the plaintiff and
Timothy H. Porter.

The defendants were the Stamford Trust Company, Thomas
G. Ritch and Schuyler Merritt, as executors and trustees
under the will of Louise H. Porter, deceased, Louis H. Porter
and Arthur Kingsley Porter, individually and as the legal
representatives of Blachley H. Porter, deceased, Joanna Krom
and Timothy H. Porter.

The complaint stated this case : Pursuant to a written
agreement, dated February 21st, 1894, and signed by Timo-
thy H. Porter, Schuyler Merritt, Louis H. Porter and Blach-
ley H. Porter, and referred to as a "family agreement" in
the report of the case of *Porter* v. *Ritch*, 70 Conn. 235, 240,
a trust deed of the same date·was executed by Timothy H.
Porter and delivered to the plaintiff, together with certain
bonds and other securities.

The trusts specified in this deed were as follows: the

plaintiff was to hold, invest and reinvest the property and pay over the net income, after deducting the expenses of administration, to said Timothy H. Porter, in monthly payments, not amounting in all to over $10,000 in any one year, except under certain conditions, provided that such annual sum should not exceed the annual sum received for the same year by the beneficiaries under another trust deed of the same date, executed by said Porter to the Stamford Trust Company and accompanied by the delivery to it of other bonds and securities to be held on a like trust for monthly payments of the net income to Thomas G. Ritch and Schuyler Merritt, to be applied by them for the use and benefit of said Porter's three children, Louis H. Porter, Blachley H. Porter, and Arthur Kingsley Porter, or their issue, and so as to carry into effect the wishes of their deceased mother, Louise H. Porter, as expressed in her will in reference to her aunt, Joanna Krom. In each of these deeds, the provision as to the maximum amount of the income payable to the respective beneficiaries under each was the same; namely, that at the end of each year each company should deliver a statement of account for that year to the other, and thereupon the company which had received the larger income should pay to the other such amount as would make the net income of the beneficiaries under each trust equal. In case the surplus income of either trust, over the amounts paid to the beneficiaries, should in any year be not enough thus to equalize the income of the two trusts, then the necessary amount for this purpose was to be paid over by the company having had the greater income for that year, during the first half of the succeeding year.

The trusts under each deed were to terminate at the death of Timothy H. Porter, on which event the plaintiff was to transfer the property held by it to his said sons or their representatives, or failing any such then in life, to his estate, and the Stamford Trust Company was to transfer the property held by it to the executors and trustees under the will of his deceased wife, said Louise H. Porter. Should his three children die, leaving no surviving issue during his life, he was

to have the whole net income under both trusts, as long as he might thereafter live.

Either deed might be revoked or altered by a writing signed by Timothy H. Porter, the trustee under the deed, and a majority of the executors and trustees under the will of Louise H. Porter. These executors and trustees were to turn over to the Stamford Trust Company all the securities in their hands as such, to be held subject to the same trusts. Timothy H. Porter was to execute and deliver any and all papers, powers, authorities and documents necessary or convenient to carry the deed to the plaintiff into full effect. Each deed was signed and sealed by him, by the trustee, and by Thomas G. Ritch and Schuyler Merritt, who were the executors and trustees under the will of Louise H. Porter.

Timothy H. Porter, one of the defendants, claims that the property and securities so held by the plaintiff are his sole and absolute property, and has demanded their delivery to him, and brought, in 1896, suit against the plaintiff to recover their value, which suit is still pending in the Superior Court for New Haven county. The defendants Thomas G. Ritch and Schuyler Merritt, as executors and trustees under the will of Louise H. Porter, Louis H. Porter and Arthur K. Porter, individually and as the legal representatives of Blachley H. Porter, deceased, and Joanna Krom, insist that the trust deed to the plaintiff is a legal and valid instrument, under which they respectively have beneficial interests, and that Timothy H. Porter is not entitled to the possession or ownership of any of the property conveyed thereunder.

Timothy H. Porter claims that this trust deed is invalid and inoperative, either originally or because of facts which have occurred since its alleged execution and delivery. The precise and exact grounds of said claim and the facts relied upon to support the same are unknown to the plaintiff.

In each year the income received by the plaintiff has exceeded $10,000, and that received by the Stamford Trust Company has in some years fallen below said sum; but in consequence of the conflicting claims of the parties, the plaintiff has refused to pay over the surplus income in its hands

to any one, until the rights of all parties were legally adjudicated.

In 1898 the Stamford Trust Company sued the plaintiff before the Superior Court for Fairfield county for its share of the surplus income, which action is still pending.

The plaintiff, by reason of the conflicting claims of the defendants, is in doubt to whom said property, securities, and money and the income arising therefrom belong, and cannot safely pay, transfer, and deliver the same and the income arising therefrom to either said Porter or to said Stamford Trust Company, without risk of being made liable for the same to the other party. The plaintiff is ready and willing to transfer, pay over, and deliver said securities, estate, and money to such person or persons as the court shall direct, and is also ready and willing to administer the trust created by said instrument in accordance with the terms thereof, if the court shall so direct.

The claims stated in the complaint were: (1) that Timothy H. Porter and the Stamford Trust Company be severally restrained by injunction from the further prosecution of the actions brought by them respectively; (2) that a temporary order of injunction be granted, severally restraining and enjoining them from the further prosecution of said actions; (3) that the defendants be required to interplead together concerning the validity of said trust instrument and their claims to the securities therein mentioned and referred to, and to the income arising therefrom; (4) a judgment directing the plaintiff to whom said property and the income thereof belong; and (5) that the plaintiff be allowed a reasonable sum for its counsel fees and disbursements out of the fund.

Timothy H. Porter appeared at the return term of court, and moved for an order requiring all the defendants to interplead, which motion was opposed by the other defendants. The latter also demurred to the complaint, and to its prayers for relief. The decretal part of the judgment file, which was signed by the clerk, was as follows: " The court having heard the parties finds the issue for the defendants, except Timothy H. Porter, and that said complaint is insufficient. Where-

upon it is adjudged that the defendants, except Timothy H. Porter, recover of the plaintiff their costs, taxed at $    .''

The appeal was filed March 24th, 1899, and taken to the term of this court to be held at Bridgeport on the third Tuesday of April (April 18th). On April 13th, an additional reason of appeal was filed, based on sustaining the demurrer to the prayers for relief. During the argument of the cause in this court on May 9th, the plaintiff moved for leave to file, and was allowed to file, *de bene esse*, further reasons of appeal as follows : —

" (*a*) The Superior Court erred in finding the issue for the defendants except Timothy H. Porter ; and (*b*) in ruling and deciding that the 'complaint is insufficient' in the absence of a demurrer or other answer or other pleading on the part of Timothy H. Porter and of the defendants ; and (*c*) in sustaining the demurrer filed to the complaint by a part only of the defendants, and thereupon adjudging that the defendants except Timothy H. Porter recover of the plaintiff their costs," etc.

*Henry Stoddard,* for the appellant (plaintiff).

*Goodwin Stoddard* and *Samuel Fessenden,* for the appellees (defendants, other than Timothy H. Porter).

BALDWIN, J. A bill of interpleader, under the old English chancery practice, could only be maintained by a stakeholder having no interest in the disposition of the fund, nor any substantial right of his own to be litigated, and who had incurred no independent liability by his own act or contract to either of those having conflicting claims to it. These rules were somewhat relaxed in the system of equity pleading formerly followed in this State, and it was intimated by the court that it might conduce to the ends of justice to relax them still further, and to do away with the distinction between bills of interpleader and bills in the nature of bills of interpleader. *Consociated Presbyterian Society* v. *Staples,* 23 Conn. 544, 555. A decisive step in this direction, and one fully in line

with the general policy of the Practice Act, was taken by the
General Assembly in 1893, by "an Act concerning Bills of
Interpleader," which provides that "whenever any person
has, or is alleged to have, any money or other property in his
hands or possession which is claimed by two or more persons,
either he, or any of the persons claiming the same, may bring
a complaint in equity, in the nature of a bill of interpleader,
to any court which by law has equitable jurisdiction of the par-
ties and amount in controversy, making all persons parties who
claim to be entitled to, or interested in, such money or prop-
erty; and said court shall hear and dispose of all questions
which may arise in such case." Public Acts of 1893, p. 222.

Under General Statutes, §§ 887, 888, it would have been
proper for the Union Trust Company, in the suit brought
against it by Timothy H. Porter, to apply for an order to
summon in his sons, the executors of his wife's will, Joanna
Krom, and the Stamford Trust Company, since they would
necessarily have been prejudiced by a judgment in favor of
the plaintiff in that action for the relief which he demanded.
But had they thus been made parties, they would not have been
bound to relieve the Union Trust Company from the burden
of the defense. They could have remained passive specta-
tors of the contest, and left the original defendant to look
for reimbursement for its expenditures in the litigation to
such decree as might be passed upon the settlement of its
account as trustee in other proceedings.

As to controversies of this nature, the Act of 1893 affords
a new remedy by enabling a trustee whose title is attacked
to throw his outlays in defending it directly on the fund;
and in the suit at bar this is part of the relief which is spe-
cifically claimed.

The plaintiff has property in its possession which is claimed
by two or more persons. It consists of a principal fund, and
of certain accumulations of income. The entire fund with
all accumulations is claimed by Timothy H. Porter. Part of
the accumulated income is claimed by the Stamford Trust
Company, and claimed by it in behalf of the other defendants.
The latter also insist that the principal of the fund cannot

be delivered over to Timothy H. Porter, but must be held by the plaintiff for their benefit. This is a claim to an interest in the fund adverse to that set up by Timothy H. Porter.

Under these circumstances, the plaintiff could clearly, under the statute, have brought an action in the nature of a bill of interpleader against the defendants, and demanded an order that they interplead as to their respective rights in the accumulations of income. These it is its duty to pay over either to the Stamford Trust Company or to Timothy H. Porter. It is a single duty for which there has been a double demand. But the rights of the parties as to the surplus income are substantially identical with such as they may have in the principal fund. If Mr. Porter's children and those claiming under the will of his wife, have none in that, they have none in any of its fruits. If they have rights in the fruits, it is only because they have rights in that which produced them. The Stamford Trust Company, also, in demanding the surplus income must count on the validity of the trust out of which it grows; and such is the frame of the complaint which it has brought.

The statute of 1893 is a remedial one and to be favorably construed. It requires the court to which any complaint founded upon it may be brought, to " hear and dispose of all questions which may arise in such case," and by the provision for making not only all who claim to be " entitled to," but all who claim to be " interested in " the property in question, parties defendant, shows that its purpose is to secure a determination of every right, title or interest that can by possibility be set up.

A question as to the right or title to the principal fund held by the plaintiff must arise in any suit brought by it to settle that to the accumulations of income. It was therefore proper to seek an order of interpleader, upon the complaint in the present action, as respects both these items of property. The only parties having a substantial and beneficial interest in the controversy are Timothy H. Porter on the one side, and his sons and Joanna Krom on the other. The plaintiff is a mere trustee and has a right under the statute to re-

quire them, or their representatives, to assume the burden of the litigation. *Comstock* v. *Hadlyme Eccl. Soc.*, 8 Conn. 254, 262.

It is true that a possible result of the proceeding may be a judgment upholding the validity of the trust and directing the plaintiff to retain the property in its hands and administer it, during the life of Timothy H. Porter, according to the terms of the deed under which it was received ; but whether such a judgment could ever have been rendered on a strict bill of interpleader in an English court of chancery, is a question of no importance : the statute of 1893 is the rule of jurisdiction.

It is contended in support of the demurrer, that the complaint was insufficient because the entire rights of the respective parties could not be adjudicated upon it, inasmuch as it raised no question as to the validity of the trust deed to the Stamford Trust Company. This objection overlooks the rules under the Practice Act, by which, in any equitable action, upon a suitable cross-complaint, "the court may determine the ultimate rights of the parties on each side, as against themselves, and grant to the defendant any affirmative relief to which he may be entitled." Practice Book, p. 20, Rule VIII, § 7.

The defendants argue that the plaintiff needs no other information as to its rights than what it can obtain from the record in the case of *Porter v. Ritch,* to which it was a party.

As that action came on appeal to this court and was made the subject of an opinion in which the effect of the "family agreement" was considered, it was proper for the Superior Court to consider it, in passing upon the demurrer. No trustee can have a right to apply for judicial advice as to any point of law which has been previously adjudicated by the highest tribunal of the State ; and the authority of the decision in question was certainly not the less because rendered in a cause in which the parties now before us were also engaged.

The main issue, however, which was there presented as respects the "family agreement" was one of fact,—whether its execution by Timothy H. Porter was induced by fraud and

duress. That issue was decided in favor of the defendants, but no question was raised by the plaintiff in his pleadings as to the legal effect of the instrument itself. *Porter* v. *Ritch,* 70 Conn. 235, 263, 264. In the present complaint also it is alleged that Timothy H. Porter claims that the trust deed, whether originally valid or not, has become invalid and inoperative by reason of occurrences subsequent to its execution. Under these circumstances the Superior Court, in passing upon the demurrer, could not properly consider the judgment and opinion in *Porter* v. *Ritch* as conclusive respecting the title to the fund held by the plaintiff under the trust deed. Whether such an effect could be given to it was a matter which could only appear after the record in that cause had been so pleaded in defense as to raise definite issues of fact or law. It follows that the demurrer should have been overruled.

The plaintiff moved, during the argument before this court, for leave to file certain additional reasons of appeal. After an appeal has been perfected, the cause is removed to the appellate court, and it is to that that any motion to amend the appeal must be addressed. When the remedy by motion in error existed, our rules required that assignments of errors filed in this court should be lodged with the clerk at least twelve days before the opening of the return term. Reg. Gen. 9 Conn. 452. While no such regulation has yet been made as to filing reasons of appeal, it is manifest that fairness to the appellee under ordinary circumstances demands that they should be perfected, at latest, before it is time to print the record. The motion now in question was delayed so long that we should have been inclined to deny it, were it not that the objection which it seeks to present is one of a jurisdictional nature. It is, in effect, that while the judgment purports to be a final one, and awards costs against the plaintiff, it is radically defective in that it is not final as between the plaintiff and one of the defendants, and apparently disposes of the cause without having accorded him a hearing. We therefore allowed the motion *de bene esse,* and, on further consideration, have allowed it unconditionally. An

examination, however, of the grounds of appeal thus presented has satisfied us that they are not well taken.

The object of the complaint would be entirely frustrated if the defendants other than Timothy H. Porter were not required to interplead with him. If therefore it was insufficient as to them, it was useless to retain it as against him, and, on the view of the law taken by the Superior Court, the proper course was to dismiss it altogether.

The omission to tax costs either for or against him may fairly be regarded as equivalent to a decision that no such costs ought to be taxed, and can support no exception in his favor.

There is error, the judgment is set aside and the cause remanded with directions to enter a judgment overruling the demurrer.

In this opinion the other judges concurred.