Defendant's motion for execution asks that execution be issued on judgment on file, and the motion for remittance of costs requests judgment that by agreement of counsel any costs taxed against the plaintiff were to be remitted.
The judgment is as follows: "There is error, the judgment is set aside and the trial court is directed to render judgment for the defendant." On June 25, 1943, this court, on motion of the defendant, rendered final judgment in favor of the defendant, pursuant to said mandate of the Supreme Court of Errors.
It will be observed that said judgment carries no award of costs and the question is, can any costs be taxed and may an execution be issued if any such costs were taxed?
This is an equitable action and under our practice the awarding of costs in such actions is discretionary; Practice Book, § 222; and unless awarded as part of the judgment costs cannot be taxed or, if erroneously taxed, no execution can issue thereon. In an equitable action where the question arose our Supreme Court of Errors held as follows: "The omission to tax costs either for or against him may fairly be regarded as equivalent to a decision that no such costs ought to be taxed. . . ."Union Trust Co. v. Stamford Trust Co., 72 Conn. 86, 96. Where costs are discretionary, an award by the court is a prerequisite to allowance of the same, unless otherwise regulated by statute or rule of court. 15 C. J. 258, § 648.
From the number of cases cited in the footnotes to this section of Corpus Juris, the weight of authority supports this view and is in accord with our law as per the Union Trust Company case, supra.
In view of the foregoing, the motion for the issuance of an execution must be denied. And likewise, from what has been said as to the absence of any award of costs in said judgment, the motion for remittance of costs must be denied as no such costs exist.
 Both motions are denied.