RALPH CROZIER *v.* RIAZ ZABOORI ET AL.
(5756)

DUPONT, C. J., BORDEN and FOTI, Js.

Argued March 1—decision released May 24, 1988

*Ralph C. Crozier,* pro se, the appellant (plaintiff), with whom was *Thomas Gudsnuck.*

*Daniel Shepro,* with whom, on the brief, was *Loraine W. Osborne,* for the appellee (named defendant).

DUPONT, C. J. The plaintiff appeals following the trial court's denial of his motions to open the judgment and to reargue the facts in this interpleader action. We find no error.

This case stems from the aborted sale of a small dry cleaning business. During the negotiations for the sale, the defendant seller, Charles Falzone, was represented by the plaintiff, Attorney Ralph Crozier, who was also the escrow holder. The buyer, the named defendant Riaz Zaboori, paid a $950 binder fee and deposited $8550 into an escrow account. Zaboori subsequently decided not to purchase Falzone's business and brought suit against Falzone and Crozier for the return of the deposit held in escrow and for the return of the $950 binder fee.

In his capacity as escrow holder, the plaintiff then brought this separate interpleader action, naming Falzone and Zaboori as codefendants, because he was unable to determine to whom the monies were payable. In his complaint, the plaintiff claimed no interest in the escrow funds and requested the court to determine which party defendant was entitled to the funds. The plaintiff further requested an award for reasonable attorney fees.

The two actions were consolidated for trial and assigned to an attorney trial referee. The referee found that the defendant Zaboori was entitled to a return of his binder fee and his deposit in the amount of $8550, with interest. The referee also concluded that no counsel fees were to be awarded to any party, including the escrow holder. The trial court accepted the referee's report and on November 12, 1985, rendered judgment thereon. On November 13, 1985, the plaintiff filed an

objection and a motion to reargue, which motion was granted by the trial court. The referee filed a supplemental memorandum of decision reiterating his position and the trial court rendered judgment on this report on June 16, 1986. The judgments of November 12, 1985, and June 16, 1986, are identical.[1] On September 30, 1986, the plaintiff filed a motion to reargue and, on October 9, 1986, filed a motion to open judgment. After a hearing, these motions were denied.

The plaintiff raises eleven claims of error on appeal. Ten of these claims of error either challenge the referee's findings as to whom the money should be paid, or allege a procedural defect in the June 16, 1986 judgment. The remaining issue is whether the trial court abused its discretion in denying the plaintiff's motions to open and to reargue.

We decline to review the ten claims of error which pertain to the June 16, 1986 judgment because they were not raised in a timely appeal, because the defendant Zaboori did not waive his right to object to an untimely appeal, and because the defendant Falzone who is affected by the claims of error has not appealed.[2]

---

[1] The defendant Charles Falzone has not appealed from the judgment rendered which required him to pay the defendant Riaz Zaboori the amount of the binder and the deposit with interest. The judgment followed the recommendation of the referee and did not award counsel fees to any party, including the escrow holder.

[2] The plaintiff has no standing to raise any claims of error challenging the factual findings of the referee relating to the duties, obligations and rights of the codefendants. As escrow holder in an interpleader action, the plaintiff should not have any interest in the judicial orders rendered as between the codefendants. With the exception of his claim that as stakeholder he is entitled to fees and costs, all of the other issues he raises relate to the codefendants. Although the referee concluded that there was no impropriety in the plaintiff acting as escrow holder and as counsel on behalf of defendant Falzone in this consolidated action, the claims of error made on appeal cast doubt on the propriety of the bringing of this interpleader action by the plaintiff.

"Generally speaking four conditions are necessary to entitle a stakeholder, such as [the] plaintiff, to maintain a bill of interpleader: '(1) the same thing,

The following procedural history is relevant to our decision not to review these claims. The plaintiff filed this appeal on January 5, 1987, almost seven months after the judgment of June 16, 1986. After the plaintiff filed a preliminary statement of the issues, the defendant Zaboori (hereinafter defendant) made a motion to strike certain issues from the plaintiff's preliminary statement on the ground that they were not raised by a timely appeal. The defendant contended that these issues would have been raised properly by an appeal filed within twenty days of the judgment entered on June 16, 1986; Practice Book § 4009; otherwise such issues would have been raised properly only if the plaintiff had filed a motion, within the twenty day appeal period, which would operate to stay the time for appeal. Practice Book § 4009. The defendant argued that because the motions to open and reargue were all filed well beyond the expiration of the twenty day appeal period, the only issue properly reviewable is the decision denying the motions to reargue and to open the judgment.

After considering the defendant's motion to strike and the plaintiff's objection thereto, this court, on March 19, 1987, issued a corrected order, treating the motion to strike as a motion to dismiss and granting the motion to dismiss as to that portion of the appeal relating to the judgment of June 16, 1986. In fashioning this order, we disagreed with the plaintiff's assertion that the filing of the motion to reargue on September 30, 1986, stayed all applicable appeal dates to December 22, 1986. A final judgment was rendered

debt, or duty must be claimed by both or all of the parties against whom the relief is demanded; (2) all their adverse titles on claims must be dependent, or be derived, from a common source; (3) the plaintiff must not have or claim any interest in the subject matter; [and] (4) the plaintiff must have incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder.' 30 Am. Jur. Interpleader § 8, p. 218." *Blanchard* v. *Voghel,* 12 Conn. Sup. 210, 212 (1943). In this case, the plaintiff is not indifferent as to the claims of the codefendants.

on June 16, 1986. The plaintiff's failure to file an appeal or a motion to open or to reargue within the twenty-day appeal provision precluded him from raising those issues objected to by the defendant in this present appeal. See Practice Book § 4000; *Yanow* v. *Teal Industries, Inc.,* 196 Conn. 579, 582 n.3, 494 A.2d 573 (1985).

Nevertheless, the plaintiff has briefed and argued these ten issues which pertain to the June 16, 1986 judgment. Pursuant to our order of dismissal, this the plaintiff cannot do. We decline, therefore, to review them. The sole issue properly raised on appeal is whether the trial court abused its discretion in denying the motions to reargue and to open the judgment. Id., 582–83.

" 'A motion to open and vacate a judgment filed during the four months after which judgment was rendered is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. See *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523–24, 375 A.2d 1009 (1979); *State* v. *Fahey,* 147 Conn. 13, 15, 156 A.2d 463 (1959). In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. *State* v. *Bitting,* 162 Conn. 1, 11, 291 A.2d 240 (1971); *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959).' *Celanese Fiber, Division of Celanese of Canada, Ltd.* v. *Pic Yarns, Inc.* [184 Conn. 461, 466–67, 440 A.2d 159 (1981)]." *Acheson* v. *White,* 195 Conn. 211, 214–15, 487 A.2d 197 (1985).

We have carefully reviewed each claim raised by the plaintiff in his motions to reargue and to open judgment. All of these claims attack the conclusions of the referee. The plaintiff sets forth no new assertions, and

points to no new evidence which implicates the referee's conclusions and findings of facts, both of which were previously accepted by the trial court and judgment rendered thereon. The motions merely recited facts and questions of law that the trial court had already specifically accepted.

Moreover, a motion to open is not a substitute for an appeal. A motion to open filed beyond the expiration of the appeal period will not preserve for appeal issues pertaining to the earlier final judgment. *Governors Grove Condominium Associates, Inc.* v. *Hill Development Corporation,* 187 Conn. 509, 510 n.2, 446 A.2d 1082 (1982). Where, as here, an appeal from a final judgment has not been seasonably taken, "[c]laimed errors which might have been assigned on such an appeal are no longer open to review" upon an appeal from a denial of a motion to open that judgment. *Zingus* v. *Redevelopment Agency,* 161 Conn. 276, 282, 287 A.2d 366 (1971).

In his brief and at oral argument, the plaintiff further argues that the trial court erred in denying his motions because the pleadings were not closed when judgment was rendered since no interlocutory judgment of interpleader had been granted. This claim lacks merit for two reasons.

First, in his motions to open and reargue, the plaintiff did not raise this ground in his statements in support of these motions. Nor did the plaintiff raise this issue at oral argument on his motions. Therefore, this issue now raised on appeal was not raised in the trial court. Absent plain error, this claim is unreviewable. *Aetna Life & Casualty* v. *Miscione of Connecticut, Inc.,* 193 Conn. 435, 437–38, 476 A.2d 577 (1984); *Valley* v. *Fazzina,* 187 Conn. 423, 428, 446 A.2d 1068 (1982); see also Practice Book §§ 4185, 4187.

Second, the case was tried by the court and all of the parties as an action in interpleader. Where, as here, a case was tried upon a certain theory, we will dispose of the case on the theory on which it was tried and on which the trial court decided it. *Machiz* v. *Homer Harmon, Inc.*, 146 Conn. 523, 525, 152 A.2d 629 (1959). "In disposing of this appeal, we have treated it as it was presented by the parties, disregarding, as did they, certain technical, procedural problems and irregularities . . . . " *Ives* v. *Burgess,* 155 Conn. 698, 699, 231 A.2d 276 (1967).

There is no error.

In this opinion the other judges concurred.