[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION TO DISMISS (DOCKET ENTRY NO. 109)
The case at hand stems from an action involving a suit brought by Jeffrey Richter against Joseph Piro. The plaintiff, Arthur Millman (Millman) represented Richter for a period of time before being replaced by the defendant, attorney Sheri Paige (Paige). Prior to Millman, Jeffrey Richter was represented by the defendants Jonathan Spodnick (Spodnick) and Richard Bortolot (Bortolot).
In November of 1996, Paige reached a settlement on behalf of Richter in his case against Piro. Part of the settlement was CT Page 1441 handed over to Paige as compensation for legal services. In July of 1997, Millman brought a complaint for interpleader against the defendants Paige, Spodnick and Bortolot. The complaint for interpleader alleged that Millman, Spodnick and Bortolot were due monies for legal services previously rendered for Richter and sought distribution of the funds in the possession of Paige. On September 19, 1997, Millman filed a statement of claim in action for interpleader. The defendant Spodnick filed a statement of claim in action for interpleader on October 10, 1997. On November 14, 1997, the defendant Paige filed a motion to dismiss the complaint for interpleader. Millman filed an objection to the motion to dismiss on November 19, 1997. The defendant Spodnick filed an objection to the motion to dismiss on November 26, 1997. Argument was heard on short calendar on January 20, 1997.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp., 44 Conn. App. 446, 689 A.2d 1145 (1997).
Paige argues that under the rules of interpleader, a plaintiff (the "stakeholder") cannot possess an interest in the thing claimed. As such, Paige argues that since Millman has filed a claim to the funds held by Paige, Millman cannot be a proper interpleader. If Millman is an improper interpleader, then Paige argues that the suit must be dismissed as the court would lack subject-matter jurisdiction.
Millman and Spodnick object to Paige's motion to dismiss. Both Millman and Spodnick argue that the Connecticut statute concerning interpleader[1] differs from the general view of interpleader in that the statute specifically allows a claimant in interest to bring an interpleader suit. As such, Millman and Spodnick maintain that impleader is proper in the present case even though Millman, the stakeholder, has an interest in the fund.
"Interpleader is a procedural device which enables a person holding money or property which is claimed by two or more other people to bring together all adverse claimants in a single CT Page 1442 proceeding for a complete adjudication of the matters in controversy . . . . Interpleader is a broad joinder device to facilitate consolidation of related claims so as to avoid multiple litigation as well as protection against multiple liability." Avco Corp. v. Peterson Engineering Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 535232, 13 CONN. L. RPTR. 26 (November 16, 1994) (Mulcahy, J.), quoting E. Stephenson, Connecticut Civil Procedure, § 263 p. 1088 (2d Ed. 1971, as updated to 1981). Generally, four conditions are necessary to entitle a stakeholder to maintain a bill of interpleader: (1) the same thing, debt or duty must be claimed by both or all of the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent, or be derived, from a common source; (3) the plaintiff must not have or claim any interest in the subject matter; and (4) the plaintiff must have incurred no independent liability to any of the claimants, but must stand indifferent between them merely as a stakeholder. Crozier v. Zabori, 14 Conn. App. 457, 459-60 n. 2,541 A.2d 531 (1988). Using this general test, some Connecticut superior courts have found that the stakeholder must not have any interest in the disputed funds and is an improper plaintiff to an impleader action if he does. See Bransfield v. Relihan, Superior Courts, judicial district of Ansonia/Milford at Milford, Docket No. 311010 2 CONN. L. RPTR. 433 (September 24, 1990) (Meadow, J.).
Other Connecticut superior courts, however, have recognized that the Connecticut interpleader statute encompasses a broader scope than that normally found in interpleader in general.Triangulum Associates v. Harrison Conference, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 099881 14 CONN. L. RPTR. 183 (May 16, 1995) (Pellegrino, J.). General Statutes § 52-484 has been found to be in the nature of interpleader and not a bill of interpleader. Avco Corp. v.Peterson Engineering Co., supra, Superior Court, Docket No. 535232, 13 CONN. L. RPTR. 26. "A bill `in the nature of a bill of interpleader' has been distinguished from a `bill of interpleader' on the basis that there are grounds of equitable jurisdiction other than the mere right to compel defendants to interplead, and a complainant may seek some affirmative equitable relief. The difference is that in a strict equitable interpleader, [the] plaintiff is a disinterested stakeholder, while in an action in the nature of interpleader, he is himself a claimant, whether directly or by denying the validity of some or all of the other claims. . . ." (Citations omitted; internal quotation marks omitted.) Id.
CT Page 1443
The court concludes that the Connecticut interpleader statute concerns actions "in the nature of interpleader." In interpreting the meaning of the statutory language, it is essential that the court look at the words of the statute itself.Butler v. Hartford Technical Institute, Inc., 243 Conn. 454, 458, (1997). General Statutes § 52-484 explicitly states that "any of the persons claiming the same" monies in dispute may bring a complaint in equity in the nature of a bill of interpleader. Therefore, the plaintiff, though a claimant himself, can bring an action in the nature of interpleader. Such a reading of the statute would be consistent with the Supreme Court's decision in Loda v. H. K. Sargent Associates, Inc.,188 Conn. 69, 74, 448 A.2d 812 (1982), in which the Court allowed an interpleader action even though the stakeholder was a claimant to the fund in dispute.
In light of the Loda case and the plain language of the statute, defendant Paige's motion to dismiss is denied.
SKOLNICK, J.