ARTHUR MILLMAN *v.* SHERI PAIGE ET AL.
(AC 18374)

Landau, Hennessy and Dupont, Js.

---

Argued May 26—officially released October 12, 1999

*Geoffrey S. Brandner*, with whom, on the brief, was *John L. Ponzini*, for the appellant (named defendant).

*Patrick J. Fitzgerald*, for the appellee (plaintiff).

*Opinion*

DUPONT, J. The sole issue in this appeal is whether an action "in the nature of a bill of interpleader" brought pursuant to General Statutes § 52-484[1] by a person claiming an interest in money in the possession of another person who also claims an interest in the proceeds should be dismissed. The trial court denied a motion to dismiss filed by the named defendant, Sheri

---

[1] General Statutes § 52-484 provides: "Action in nature of interpleader. Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property. Such court shall hear and determine all questions which may arise in the case, may tax costs at its discretion and, under the rules applicable to an action of interpleader, may allow to one or more of the parties a reasonable sum or sums for counsel fees and disbursements, payable out of such fund or property; but no such allowance shall be made unless it has been claimed by the party in his complaint or answer."

Paige, an attorney and the interested possessor of the property, and rendered an interlocutory judgment of interpleader for the plaintiff from which Paige has appealed.[2] We affirm the judgment of the trial court.

Paige is holding in a trustee account the proceeds of a settlement she effected for a client who was previously represented in the same matter by the plaintiff, Arthur Millman, also an attorney, and by the other defendant attorneys.[3] All of the attorneys were parties in the trial court and all parties have an interest in the proceeds.

Paige claims that § 52-484 cannot be utilized to bring this action and that the plaintiff instead should have filed an action against Paige and impleaded the other defendants. The trial court determined that it had subject matter jurisdiction pursuant to § 52-484 because portions of the same fund were claimed by each of the parties and the claims derived from a common source. The court held that the action was not a bill of interpleader but an action in the nature of interpleader, which allows the plaintiff to have an interest in the subject matter money. The difference between the two types of actions, according to the trial court, is that, in an action in the nature of interpleader, the plaintiff can seek alternative equitable relief and does not have to be a disinterested stakeholder, whereas in a bill of interpleader, the plaintiff must be disinterested.

The trial court read the plain words of the statute as allowing "any of the persons claiming the [money or

[2] An interlocutory judgment for interpleader is a final judgment and may be appealed immediately. *Kerite Co.* v. *Alpha Employment Agency, Inc.*, 166 Conn. 432, 437–38, 352 A.2d 288 (1974); *Yankee Millwork Sash & Door Co.* v. *Bienkowski*, 43 Conn. App. 471, 474, 683 A.2d 743 (1996).

[3] The other two defendant attorneys are Jonathan E. Spodnick and Richard Bortolot. They also claim an interest in the proceeds of the settlement but did not appeal from the judgment of the trial court. Spodnick, Bortolot and the plaintiff objected to Paige's motion to dismiss, agreeing that the action is allowable under § 52-484.

other property in the possession of any person to] bring a complaint in equity, in the nature of a bill of interpleader . . . ." General Statutes § 52-484. Because the plaintiff was one of three persons claiming money that was in the possession of another interested claimant, the court refused to dismiss the action. The court also relied on *Loda* v. *H. K. Sargeant & Associates, Inc.*, 188 Conn. 69, 74, 448 A.2d 812 (1982), in which an action for interpleader was maintained by a plaintiff who was not the possessor of the property, but who claimed an interest in moneys held by one of the defendants who was a disinterested party. The only difference between *Loda* and the present case is that, in *Loda*, the stakeholder defendant, claimed nothing from the funds it held except attorney's fees and, in this case, Paige, the stakeholder defendant, claims a portion of the fee collected in settlement of her client's claim. In both cases, the plaintiffs were not possessors of the property in question but claimed an interest in the money held by one defendant and sought statutory relief under § 52-484 in an action in the nature of interpleader.

The purpose of an interpleader action is to bring all adverse claimants together in a single action for an adjudication of all matters in controversy related to a particular fund to which the adverse claimants seek entitlement. 2 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 263, p. 1088. The statute provides that if anyone possesses property claimed by two or more persons, the possessor *"or any of the persons claiming the same,* may bring a complaint in equity . . . ." (Emphasis added.) General Statutes § 52-484. Here, the plaintiff is a person claiming an interest in property in the possession of another and has named the interested stakeholder and both other claimants as parties. The statute does not require that the possessor bring the action but allows any person claiming an

interest in property in the possession of another to bring the action.[4]

It is clear that a claimant not in possession of the disputed money or property may be a plaintiff. *Loda* v. *H. K. Sargeant & Associates, Inc.*, supra, 188 Conn. 74. The question, however, is whether § 52-484 authorizes an action by a claimant in a situation where the possessor of the property is not disinterested but has an interest in a portion of the property.

The classic interpleader action existing in equity, prior to the enactment of the statute, was brought by a disinterested stakeholder to establish the undivided ownership of money or property claimed by two or more entities or individuals. Id., 69; *Crozier* v. *Zaboori*, 14 Conn. App. 457, 459–60 n.2, 541 A.2d 531 (1988). After the passage of the forerunner to § 52-484 in 1893, the rule that an interpleader action be maintained only by a stakeholder with no interest in the disposition of the fund was relaxed. *Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86, 91, 43 A. 555 (1899). After enactment of the legislation, actions in the nature of interpleader included those involving plaintiffs as possessors of property with an interest in the property that was less than the total, and courts were permitted in a single action to determine all the questions that might arise among those interested in as well as entitled to the property. Id., 93–94. Whenever several persons might all be entitled to participate in a common fund held by one of them, the statute authorizes an action

---

[4] In *Crozier* v. *Zaboori*, 14 Conn. App. 457, 459–60 n.2, 541 A.2d 531 (1988), there is dicta in a footnote that might be read as disallowing interpleader actions brought by anyone other than a disinterested stakeholder. As dicta, it is not binding on this court in the resolution of this appeal. Moreover, *Crozier* did not involve an analysis of § 52-484. The footnote properly indicates that if a stakeholder is disinterested, the stakeholder has no appealable interest in judicial orders rendered as between codefendants who both claim all of the stake. Id.

in the nature of interpleader and a distribution of the funds by the trial court. *Century Indemnity Co.* v. *Kofsky*, 115 Conn. 193, 200, 161 A. 101 (1932).

Section 52-484 does not preclude an action by an interested nonpossessor in which all claimants, including an interested possessor, as defendants, seek all or a portion of the amount being held by one of the defendants. The equitable purpose of the statute is to give all those interested or entitled to all or a portion of a fund held by another an opportunity to resolve all questions in a single action. We conclude that the trial court correctly rendered an interlocutory judgment of interpleader.

The judgment is affirmed.

In this opinion the other judges concurred.