[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4522 RE: MOTION TO STRIKE
The plaintiff, Northwestern Mutual Life Insurance Co., filed a complaint asserting an action in interpleader pursuant to General Statutes § 52-484. In its action, the plaintiff seeks to determine to which of the defendants it should pay the proceeds of a life insurance policy purchased by the decedent, Eileen Greathouse. The defendants are the decedent's estate and Patricia Greathouse, the decedent's daughter. Patricia Greathouse filed an answer to the complaint in which she asserts, inter alia, counterclaims against the plaintiff for breach of contract, abuse of process, breach of duty of good faith and fair dealing, and violation of the Connecticut Unfair Trade Practices Act. (First through fourth counterclaims, respectively.) Patricia Greathouse premises her counterclaims on the following contentions: the decedent designated her as the direct beneficiary on the insurance policy and the plaintiff was aware of and acknowledged this designation; upon the decedent's death, Patricia Greathouse duly demanded that the plaintiff pay her the proceeds of the policy; and, despite this demand, the plaintiff failed to do so.
Pending before the court is the plaintiffs motion to strike the counterclaims in which it asserts: (1) all of the counterclaims should be stricken because, as a matter of law, a party cannot be held liable for filing an interpleader action; and (2) the second counterclaim should be stricken because the defendant fails to allege the elements of cause of action for abuse of process.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim. Practice Book § 152 [now Practice Book (1998 rev.) § 10-39]." Fairfield Lease Corp. v. Romano's AutoService, 4 Conn. App. 495, 496, 495 A.2d 286 (1985); Practice Book § 10-39. In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint, counterclaim or cross-claim], construed in favor of the [nonmoving party] to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks CT Page 4523 omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). "If a motion to strike is directed at the entire [counterclaim], the motion must fail if any of the [defendants'] claims [are] legally sufficient." (Internal quotation marks omitted.) Sector Management, Inc.v. Taurus Advisory Group, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154033 (April 15, 1998, D'Andrea, J.); see also Whelan v.Whelan, 41 Conn. Sup. 519, 520, 588 A.2d 251 (1991).
 I. All Counterclaims
The interpleader statute, General Statutes § 52-484, provides: "Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property. Such court shall hear and determine all questions which may arise in the case, may tax costs at its discretion and, under the rules applicable to an action of interpleader, may allow to one or more of the parties a reasonable sum or sums for counsel fees and disbursements, payable out of such fund or property; but no such allowance shall be made unless it has been claimed by the party in his complaint or answer."
In support of its contention that all the counterclaims should be stricken, the plaintiff argues for a limited application of the remedy of interpleader. As noted by the plaintiff, in the past, some courts determined that an action in interpleader could only be brought if the following conditions were met: "`(1) the same thing, debt, or duty must be claimed by both or all of the parties against whom the relief is demanded; (2) all their adverse titles on claims must be dependent, or be derived, from a common source; (3) the plaintiff must not have or claim any interest in the subject matter; [and] (4) the plaintiff must have incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder. 30 Am.Jur. Interpleader § 8, p. 218.' Blanchard v. Voghel,12 Conn. Sup. 210, 212 (1943)." (Internal quotation marks omitted.)Crozier v. Zaboori, 14 Conn. App. 457, 459-60 n. 2, 541 A.2d 531
(1988),. Recently, however, in Millman v. Paige, 55 Conn. App. 238, CT Page 4524 242, 738 A.2d 737 (1999), the Appellate Court reiterated that interpleader actions should not be so limited. In addressing the issue raised by the second condition listed above, i.e., "whether § 52-484
authorizes an action by a claimant in a situation where the possessor of the property is not disinterested but has an interest in a portion of the property;" Id., 242; the court held that "[s]ection 52-484 does not preclude an action . . . in which all claimants, including an interested possessor . . . seek all or a portion of the amount being held. . . ." Id., 243. Although the court acknowledged that "[i]n Crozier v. Zaboori,14 Conn. App. 457, 459-60 n. 2, 541 A.2d 531 (1988), there is dicta in a footnote that might be read as disallowing interpleader actions brought by anyone other than a disinterested stakeholder," the court determined that, "[a]s dicta, it is not binding on this court in the resolution of this appeal."Millman v. Paige, supra, 55 Conn. App. 242 n. 4.[1]
The court noted that "[t]he purpose of an interpleader action is to bring all adverse claimants together in a single action for an adjudication of all matters in controversy related to a particular fund to which the adverse claimants seek entitlement." Id., 241. "The classic interpleader action existing in equity, prior to the enactment of the statute, was brought by a disinterested stakeholder to establish the undivided ownership of money or property claimed by two or more entities or individuals. . . . After the passage of the forerunner to §52-484 in 1893, the rule that an interpleader action be maintained only by a stakeholder with no interest in the disposition of the fund was relaxed. [and] actions in the nature of interpleader included those involving plaintiffs as possessors of property with an interest in the property that was less than the total, and courts were permitted in a single action todetermine all the questions that might arise among thoseinterested in as well as entitled to the property."
(Citations omitted; emphasis added.) Id., 242. "The equitable purpose of the statute is to give all those interested or entitled to all or a portion of a fund held by another an opportunity to resolve all questions in a single action." Id., 243.
The plaintiff acknowledges that the Connecticut Supreme and Appellate Courts have not ruled on the question of whether counterclaims may be asserted in interpleader actions and that in at least two cases, judges of the Superior Court have permitted defendants to assert counterclaims against plaintiffs who CT Page 4525 initiated interpleader actions. See Triangulum Associates v.Harrison Conference, Superior Court, judicial district of Waterbury, Docket No. 99881 (May 16, 1995, Pellegrino,J.) (14 Conn. L. Rptr. 183); Avco Corp. v. PetersonEngineering Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 535232 (November 16, 1994, Mulcahy, J.) (13 Conn. L. Rptr. 26). The plaintiff attempts to distinguish these cases by asserting that the counterclaims asserted therein arose "from an independent obligation or understanding between the plaintiff and the [defendant]." (Plaintiff's Memorandum of Law, p. 7.) In contrast, according to the plaintiff, Patricia Greathouse's counterclaims are premised solely upon the plaintiffs decision to file an interpleader action. A review of the counterclaims asserted in this case reveals, however, that, except for the counterclaim for abuse of process, they are not premised solely on the plaintiffs use of the interpleader statute. Rather the counterclaims, like those asserted by the defendants in one of the decisions cited by the plaintiff, are more generally premised on the plaintiffs conduct regarding the funds at issue. See Avco Corp. v.Peterson Engineering Co., supra, (13 Conn. L. Rptr. 26). As stated by the court in Triangulum Associates v. HarrisonConference, supra, (14 Conn. L. Rptr. 184), "the present interpleader statute is broad enough to encompass counterclaims and cross-claims against a stakeholder because it permits a stakeholder to also be a claimant. . . . If a stakeholder may be a claimant, and claimants interplead, then counterclaims and cross claims against the stakeholder are permitted as part of the interpleading."
Moreover, a broad reading of the statute is consistent with the pleading provisions that apply to counterclaims. Practice Book § 10-10 provides, in part: "In any action for legal or equitable relief by either party, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiffs complaint. . . ." In an interpleader action as "in any equitable action, upon a suitable cross-complaint, `the court may determine the ultimate rights of the parties on each side, as against themselves, and grant to the defendant any affirmative relief to which he may be entitled.' Practice Book, p. 20, Rule VIII, § 7 [now Practice Book (1998 rev.) § 17-1]." Union TrustCo. v. Stamford Trust Co., 72 Conn. 86, 94, 43 A. 555. (1899). It is also consistent with the practice of permitting a CT Page 4526 party to a civil action to raise an interpleader claim against another party by counterclaim or cross claim. See Bishop v.Groton Savings Bank, 96 Conn. 325, 333, 114 A. 88 (1921);Yankee Millwork Sash Door Co. v. Bienkowski,43 Conn. App. 471, 473, 683 A.2d 743 (1996).
Finally, the plaintiff cites to cases in which federal courts held that, as a matter of law, a party can not be held liable for asserting an interpleader action pursuant to the federal statutes. Again, in contrast to the counterclaims asserted in at least one of the cases cited by the plaintiff,[2] the counterclaims in this case are not premised solely on the plaintiffs decision to file an interpleader action. SeeUnited States Trust Co. of New York v. Alpert, 10 F. Sup. 290, 307
(S.D. N.Y. 1998), aff'd sub nom. United States Trust Co. of New Yorkv. Jenner, 168 F.3d 630 (2d Cir. 1999). Moreover, under the federal interpleader statute, 28 U.S.C. § 1335, and Rule 22 of the Federal Rules of Civil Procedure "[o]nce the stakeholder joins the claimants a claimant may file a counterclaim against the stakeholder as an opposing party." New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 881 (5th Cir. 1998); Dakota Livestock Co. v. Keim, 552 F.2d 1302, 1307 (8th Cir. 1977)[3] See also New York Life Ins. Co. v. ConnecticutDevelopment Authority, 700 F.2d 91, 96 (2d Cir. 1983).
The plaintiff has not shown that all of Patricia Greathouse's counterclaims are legally insufficient. Therefore, the plaintiffs motion to strike the entire complaint is denied.
 II. Abuse of Process
The plaintiff contends that the court should strike Patricia Greathouse's counterclaim for abuse of process because she fails to allege two necessary elements of this cause of action, i.e., that the plaintiff used a legal process for an impermissible purpose, and that the legal process at issue terminated in her favor. Patricia Greathouse generally contends that she has alleged sufficient facts to support her counterclaims.
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of "a CT Page 4527 legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . ." (Emphasis added) Comment b to § 682 explains that the addition of `primarily' is meant to exclude liability `when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant.'" (Citations omitted; internal quotation marks omitted.) Mozzochi v. Beck. 204 Conn. 490, 494,529 A.2d 171 (1987).
Here, in the second counterclaim, Patricia Greathouse, by incorporating the allegations made in her first counterclaim, alleges that she is the direct beneficiary of the policy at issue. She also alleges that the plaintiff received correspondence from her co-defendant, the estate of the decedent, in which it asserted that the proceeds of the policy belonged to the estate. She contends that the plaintiff "knew or should have known that the proceeds of the Policy belonged to Patricia Greathouse;" (Defendant's Answer, ¶ 39); and that the plaintiff "filed this action not because it did not know to whom the proceeds of the Policy belonged but rather in an attempt to be discharged from liability to Patricia Greathouse for its failure to pay the proceeds to Patricia Greathouse." (Defendant's Answer, ¶ 40.) As explained above, "[t]he purpose of an interpleader action is to bring all adverse claimants together in a single action for an adjudication of all matters in controversy related to a particular fund to which the adverse claimants seek entitlement." Millman v. Paige, supra, 55 Conn. App. 241. Thus, Patricia Greathouse fails to allege that the plaintiff filed the interpleader action primarily for a purpose other than that for which it was designed to accomplish. Construing the facts in favor of Patricia Greathouse, it appears that the plaintiff was faced with conflicting demands for the proceeds of the policy. Given these circumstances, the plaintiffs decision to file an interpleader action appears to be both proper and primarily for the purpose for which this process is designed. Therefore, the motion to strike Patricia Greathouse's counterclaim for abuse of process should is granted.[4]
D'ANDREA, J.