[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE
Pending before the court is the plaintiff's motion to reargue the portion of the court's order dated April 10, 2000, in which this court denied the plaintiff's motion to strike all of defendant Patricia Greathouse's counterclaims. The plaintiff premises its motion to reargue on two grounds: the plaintiff wishes to present its position on the applicability of Appellate Court's recent decision in Millman v. Paige,55 Conn. App. 238, 738 A.2d 737 (1999) to the present case; and the plaintiff wants the court to consider two federal district court CT Page 7681 decisions that the plaintiff referred to in its memorandum in support of its motion to strike. (The court declined to consider these cases because the plaintiff failed to supply the court with copies thereof.) In its memorandum of law in support of its motion to reargue, the plaintiff adds that the court may have misapprehended the grounds for the plaintiff's motion to strike and the factual allegations of the counterclaims, that the court's decision is inconsistent, and that the law of the case requires that the court strike the counterclaims. Patricia Greathouse filed an objection to the motion to reargue in which she asserts that the plaintiff fails to state sufficient grounds for reargument..
"[T]he purpose of reargument is . . . to demonstrate to the court that there is some decision or some principal of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." (Internal quotation marks omitted.) Jaserv. Jaser, 37 Conn. App. 194, 202, 655 A.2d 790 (1995). It may also be used "to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court." K. A. Thompson Electric Co. v. Wesco, Inc.,24 Conn. App. 758, 760, 591 A.2d 822 (1991). "A motion to reargue, like a motion to open a judgment, should not be readily granted nor without strong reasons, [but] ought to be [granted] when there appears cause for which the court acting reasonably would feel bound in duty so to do. . . . The granting of a motion for reconsideration, pursuant to Practice Book § 204B [now Practice Book (1998 Rev.) § 11-12][1], is within the sound discretion of the trial court[2]. . . . The court is not precluded from reexamining its own decision, within a reasonable time after its rendition, if it appears that otherwise injustice may result. . . ." (Citations omitted; internal quotation marks omitted.) Sammarcov. Hillside Village Condominium Assn., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 403926 (January 5, 1998, Levin,J.). "If a court is not convinced that its initial ruling is correct, then in the interests of justice it should reconsider the order. . . ." (Citations omitted; internal quotation marks omitted.) Tiber HoldingCorp. v. Greenberg, 36 Conn. App. 670, 671 n. 1, 652 A.2d 1063 (1995). However, a "motion to reargue is not to be used as an opportunity to have a `second bite of the apple' or to present additional cases or briefs which could have been presented at the time of the original argument."Dimitriou v. Department of Public Safety, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 35700 (August 20, 1993, Aurigemma, J.).
Having carefully reviewed and reexamined its decision and having carefully considered the grounds stated by the plaintiff as a basis for reargument, the court finds that reargument is not warranted. Specifically, the plaintiff does not allege that the court overlooked CT Page 7682 controlling decisions or principles of law, the court is not convinced that it misapprehended the facts or that its decision is inconsistent, and the court previously addressed the argument the plaintiff raises regarding the law of the case. Therefore, the court denies the plaintiff's motion for reargument.
D'ANDREA, J.