[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #1108 MOTION TO STRIKE
The instant action concerns an interpleader brought by the Plaintiff. Plaintiff alleges in his complaint that he is an attorney and in said capacity represented clients who treated with Dr. Alan Butkowsky for injuries received in an automobile accident. Plaintiff further alleges that his clients settled their case and owed Dr. Butkowsky money for treatment that they had received. During the course of the aforementioned treatment Dr. Butkowsky had a business relationship with Galen Institute, LLC. When the plaintiff's clients attempted to pay their medical bills, they were told by the defendant Galen Institute, LLC. that said defendant had a claim on the money and therefore the money should not be paid to Dr. Butkowsky.
In light of the foregoing, the plaintiff filed the instant action in order to determine the defendants' rights concerning the aforementioned payment.
On February 22, 2002, the defendant Dr. Alan Butkowsky filed a Revised Answer, Statement of Claim and Cross Complaint. The gist of the Cross Complaint is that the defendant, Dr. Butkowsky is seeking an accounting concerning funds relating to his business relationship with the defendant, Galen Institute, LLC.
On March 12, 2002, the defendant, Galen Institute, LLC. filed a motion to strike the defendant Dr. Alan Butkowsky's Cross Complaint. The defendant, Galen Institute, LLC., asserts that said Cross Complaint CT Page 4341 should be stricken for reason that the facts alleged in said complaint do not arise out of the same transaction as that is alleged in the plaintiff's Complaint.
Section 10-39 of the Connecticut Practice Book concerns the Motion to Strike. This section provides in pertinent part that:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . .
A motion to strike may be used to contest the legal sufficiency of a pleading:
 . . . A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court . . . "We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996)." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
Jewish Home for the Elderly of Fairfield v. Cantore, 257 Conn. 531, 537
(2001).
The plaintiff filed the instant action to determine the rights of the respective parties to money that he has in his possession. Section 52-484
of the Connecticut General Statute concerns actions in the nature of an interpleader. This statute provides that:
Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all CT Page 4342 persons parties who claim to be entitled to or interested in such money or other property.
 Such court shall hear and determine all questions which may arise in the case, may tax costs at its discretion and, under the rules applicable to an action of interpleader, may allow to one or more of the parties a reasonable sum or sums for counsel fees and disbursements, payable out of such fund or property; but no such allowance shall be made unless it has been claimed by the party in his complaint or answer.
In its memorandum supporting the objection to the motion to strike, the defendant, Dr. Alan Butkowsky asserts that pursuant to the provisions of § 10-10 of the Connecticut Practice Book, he should" . . . have the right to demonstrate that the defendant Galen, Institute, owes [him] well in excess of the monies in issue."
Section 10-10 of the Connecticut Practice Book concerns supplemental pleadings and counterclaims. This section provides that:
 Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief by either party. In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint; and if necessary, additional parties may be summoned in to answer any such counterclaim or cross claim. A defendant may also file a counterclaim or cross claim under this section against any other party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant.
As was previously stated, the instant action is an interpleader. It is well settled case law that an interpleader is limited in nature.
The purpose of an interpleader action is to bring all adverse claimants together in a single action for an adjudication of all matters in controversy related to a particular fund to which the adverse claimants CT Page 4343 seek entitlement.
Millman v. Paige, 55 Conn. App. 238, 241 (1999).
The particular fund that is at issue in the instant action is the money that the plaintiff's clients attempted to tender to the defendant Dr. Alan Butkowsky. The facts alleged in the Revised Cross Complaint are arguably related to the transaction that is the subject of this lawsuit. However, said allegations go far beyond the scope of the subject matter in the issues at hand, i.e., who is entitled to receive the money that is currently being held by the plaintiff This court believes that to litigate the issues raised in the cross complaint in the instant action would hinder rather than advance judicial economy. S. A. Marino Companyv. K-Mart Corp., 1997 Ct. Sup. 530, 694 (Jan. 17, 1997, Pickett, J.T.R).
For the foregoing reasons, the defendant Galen Institute, LLC., motion to strike the cross claim is granted.
Richard A. Robinson, J April 1, 2002