[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS (#104)
Before the court is the defendants' motion to dismiss. For the following reasons, the court treats the motion as a motion to strike and grants the motion.
 I FACTS
At the time this complaint was filed, the plaintiff, Roy Sastrom, was a patient at the Whiting Forensic Division of the Connecticut Valley Hospital. The defendants, Vincent Pomizano, Diane Bodie and Shirley Watson, were all employed as forensic treatment specialists at the hospital. The plaintiff alleges that "the defendants acting with wanton neglect have subjected him to an environment that is hostile in nature and contrary to a psychiatric hospital environment." (Complaint, ¶ 5.) Specifically, the plaintiff alleges that he has been exposed to "verbal abuse, psychological abuse, including the use of vulgar language, boisterous, disrespectful yelling in the unit corridors, CT Page 6180 practices of open threats to restrict treatment, verbal threats to use seclusion and restraint . . ." (Complaint, ¶ 8.) The plaintiff makes the following factual allegations in his affidavit, which is incorporated into the complaint: one of the defendants "rudely banged" the plaintiffs door open, demanded to see the plaintiffs shoe laces, then slammed the door shut when she left. (Affidavit of Roy Sastrow, January 4, 2001, ¶ 6.) Also, the defendants, in his presence, made various derogatory remarks about other residents and used vulgar language on various occasions in the context of threatening other residents with the use of restraints or solitary confinement. Additionally, the defendants showed the movie End of Days to the residents, which depicts the devil conquering the world. One of the residents who watched the movie had a history of violent behavior and believed that he was the son of the devil. Finally, the plaintiff alleges that on one evening, the defendants failed to properly secure the radio antennae of this same individual.
On February 1, 2001, the plaintiff filed this action against the defendants, in their official capacities, alleging that their actions violated his rights under the patients' bill of rights. Specifically, he claims that the defendants violated General Statutes § 17a-542.[1]
In addition to seeking injunctive and declaratory relief, he seeks damages under General Statutes § 17a-550.[2] On February 1, 2002, the defendants filed this motion to dismiss for lack of subject matter jurisdiction on the ground that the state has sovereign immunity. Subsequently, the plaintiff filed a request for leave to amend the complaint and a motion to cite in new parties.
 II STANDARD OF REVIEW
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time" (Internal quotation marks omitted.) Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." CT Page 6181Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
 III DISCUSSION A
The Motion to Cite in Additional Parties and the Amended Complaint
As discussed above, once jurisdiction has been raised, "the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v.Ganim, supra, 241 Conn. 552. The court, therefore. may not consider the amended complaint, rather than the initial complaint, when acting on the state's motion to dismiss for lack of subject matter jurisdiction. SeeFederal Deposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996) (holding that the trial court erred in considering the amended complaint after the state had filed a motion to dismiss for lack of subject matter jurisdiction on the ground of sovereign immunity). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.) Id. Therefore, the operative complaint for purposes of this motion is the initial complaint.
 B Sovereign Immunity
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." Martinez v. Department of PublicSafety, 258 Conn. 680, 683, 784 A.2d 347 (2001). "A legislative decision to waive sovereign immunity must be manifested either by the use of express terms or by force of a necessary implication. . . . Moreover, because such statutes are in derogation of the common law, [a]ny statutory waiver of immunity must be narrowly construed . . . and its scope must be confined strictly to the extent the statute provides." (Citations omitted; internal quotation marks omitted.) Mahoney v.CT Page 6182Lensink, 213 Conn. 548, 555-56, 569 A.2d 518 (1990). The Supreme Court has held that the legislature intended, in the patients' bill of rights, General Statutes §§ 17a-540 et seq., "to provide a direct cause of action against the state and thus to waive its sovereign immunity." Id., 558.
"In determining the effect of sovereign immunity, the focus is on the adequacy of the complaint. . . . If the complaint alleges facts sufficient to invoke a statutory waiver of immunity, then the trial court cannot properly grant a motion to dismiss solely on the basis of sovereign immunity." (Citation omitted.) Amore v. Frankel,29 Conn. App. 565, 569, 616 A.2d 1152, rev'd on other grounds,228 Conn. 358, 636 A.2d 786 (1994) (holding that because count one of the complaint alleged facts that supported a cause of action under Connecticut's defective highway statute, the count "was sufficient to establish subject matter jurisdiction and to withstand the defendant's motion to dismiss." Id.); see also Tamm v. Burns, 222 Conn. 280, 284,610 A.2d 590 (1992); Collins v. Varney, Superior Court, judicial district of New London at New London, Docket No. 533063 (November 10, 1997,Lager, J.) (20 Conn.L.Rptr. 658).
The Supreme Court has held that "[i]n its adoption of a statutory right to humane and dignified treatment, the legislature intended to afford patients a meaningful right to treatment, consistent with the requirements of good medical practice." Mahoney v. Lensink, supra, 213 Conn. 565. "Meaningful treatment . . . requires not only basic custodial care but also an individualized effort to help each patient by formulating, administering and monitoring a `specialized treatment plan' as expressly mandated by [§ 17a-542]." Id. In order to state a cause of action under General Statutes § 17a-542 (formerly § 17-206c), a plaintiff "must allege and prove that the hospital failed initially to provide, or thereafter appropriately to monitor, an individualized treatment suitable to his psychiatric circumstances." Id., 566.
"In assessing whether the plaintiff has met his burden of proof, the trier of fact must inquire not whether the hospital has made the best decision possible but rather whether its treatment plan was permissible and reasonable in view of the relevant information available and within a broad range of discretion. . . . The issue, under [§ 17a-542], is whether the hospital made good faith efforts to improve the patient's mental health and not whether it succeeded in fulfillment of this goal." (Citations omitted.) Id., 566-67. Moreover, an action pursuant to §17a-542 does not sound in negligence. Id., 566; see also Sastrom v.Mullaney, Superior Court, judicial district of Middlesex at Middletown, Docket No. 089269 (November 27, 2000, Arena, J.) (granting the defendants' motion to strike and relying in part on Mahoney's holding CT Page 6183 that "[a]n action for a violation of § 17a-540 through § 17a-550
`does not sound in negligence.'" Id.); Pfadt v. Greater BridgeportCommunity Mental Health. Center, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326263 (February 26, 1996, Levin, J.) (holding that the allegations in the complaint did not rise above negligence and granting the motion, but treating it as a motion to strike). The Supreme Court found this standard to be met in Mahoney, where the plaintiff alleged that "the defendants' failure `to provide proper counseling, medication, supervision or suicide precautions, so as to prevent the decedent from acting on his suicidal tendencies' . . . amounted to `negligent, wanton, and willful misconduct.'" (Citation omitted; emphasis added.) Mahoney v. Lensink, supra. 213 Conn. 552.
In determining whether the plaintiffs allegations rise above negligence, the court must keep in mind that "the courts have granted broad discretion to health care professionals regarding the appropriate treatment plans for patients at facilities such as Whiting." Zigmund v.Leone, Superior Court, judicial district of Middlesex at Middletown, Docket No. 088494 (April 7, 2000, Gordon, J.) (granting the defendants' motion to strike because the plaintiffs allegations did not rise above mere negligence).
Thus, the court must determine whether the plaintiffs allegations rise above negligence. It is uncertain whether the plaintiffs allegations of slamming doors and poor movie choice would even be sufficient to support a cause of action for negligence, so they certainly do not rise above negligence. Further, the plaintiffs allegations concerning the remarks made to and about other residents by the defendants focus not merely on the fact that the threats and derogatory comments were made, but that some of them involved vulgarities and they were all made in the presence
of the plaintiff.[3] At most, these factual allegations would establish that the defendants were negligent in allowing the plaintiff to overhear and witness the remarks.
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. In contrast, a motion to strike is the proper means of attacking a pleading that on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. See Practice Book [§ 10-39]. If a motion to dismiss is granted, the case is terminated save for an appeal of that ruling. The granting of a motion to strike, however, is not ordinarily a final judgment, since Practice Book [§ 10-44] affords a right to amend the deficient pleading. Thus if the pleadings . . . could have been amended to state a cause of action, there was error in granting the CT Page 6184 motion to dismiss." Baskin's Appeal from Probate, 194 Conn. 635,640-641, 484 A.2d 934 (1984); see also McCutcheon Burr, Inc. v.Berman, 218 Conn. 512, 527, 590 A.2d 438 (1991); Crozier v. Zaboori,14 Conn. App. 457, 460, 541 A.2d 531 (1988). In order to reconcileBaskin's with the holding of Mahoney, the court in Pfadt v. GreaterBridgeport Community Mental Health. Center, supra, Superior Court, Docket No. 326263, treated the defendants' motion to dismiss as a motion to strike. The court is persuaded that the reasoning in Pfadt is equally applicable in this case. Therefore, the court treats the motion to dismiss as a motion to strike and, thus treated, grants the motion.
 IV CONCLUSION
For the reasons herein stated, the court, treating it as a motion to strike, grants the defendants' motion to dismiss. It is so ordered.
BY THE COURT
______________________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT